HURT v SECRETARY OF STATE

1. ADMINISTRATIVE LAW—SEPARATION OF POWERS—ACCIDENT CLAIMS FUND—PAYMENT OF CLAIM.

The Secretary of State does not perform a judicial function prior to making a payment out of the Motor Vehicle Accident Claims Fund since the payment is only made in a case where the liability is neither contested nor at issue, the uninsured motorist having failed to give notice that his liability is disputed, and any judgment by the Secretary of State is exercised in an atmosphere of settlement and bears no resemblance to the nature of a court judgment which is the product of an adversary proceeding (MCLA 257.1106).

2. AUTOMOBILES—SUSPENSION OF LICENSE—DUE PROCESS—ACCIDENT CLAIMS FUND.

The provisions of the Motor Vehicle Accident Claims Fund satisfy the constitutional requirements of due process in that the uninsured motorist may give notice that he disputes his liability and thereby require the state to seek consent or a judgment against him as a condition precedent to suspension of his license or imposition of an obligation to repay the Fund; there is no compelling reason to protect the uninsured motorist from the results of his own failure to give timely notice of his intent to dispute liability when he was specifically informed of his right to dispute liability and the effect of failing to do so (MCLA 257.1106).

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 May 4, 1972, at Detroit. (Docket No. 12433.) Decided August 29, 1972.

Petition by Marilyn Hurt for restoration of her driver's license. Petition denied. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

*Geraldine Wunsch (Wayne County Neighborhood Legal Services),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistant Attorney General, for the Secretary of State.

Before: V. J. BRENNAN, P. J., and McGREGOR and BRONSON, JJ.

BRONSON, J. Plaintiff is an uninsured motorist whose driver's license was revoked pursuant to MCLA 257.1106; MSA 9.2806. The present appeal is based upon her allegation that such revocations by a state official violate the constitutional doctrine of separation of powers and her constitutional guarantees of due process.

The facts are not in dispute. On August 1, 1969, in the City of Detroit, an automobile owned and operated by James C. Montgomery, Jr., collided with an automobile owned by Marilyn Hurt and operated by her husband, James R. Hurt. The Hurt vehicle allegedly failed to stop at a stop sign and collided with the Montgomery vehicle. In addition to damaging the Montgomery vehicle, this accident caused personal injuries to James Montgomery and two passengers accompanying him.

Since the Hurt vehicle was uninsured, James C. Montgomery, Jr., and John Montgomery filed a claim application on August 7, 1969, with the Motor Vehicle Accident Claims Fund pursuant to MCLA 257.1106; MSA 9.2806. Subsequently, on August 9, 1969, a similar claim application was filed by David Jones, Jr. The Motor Vehicle Accident Claims Fund, hereinafter referred to as the Fund, forwarded notice of these claims to plaintiff by certified mail in accordance with the appropri-

ate statutory provisions. The return receipts which had been signed by plaintiff were retained by the Secretary of State to verify the type of notice which had been given.

Although each notice sent by the Secretary of State informed plaintiff of her right to dispute her liability within 20 days of their receipt, she failed to respond. After an investigation of the circumstances surrounding the accident and negotiations with the claimants, the Secretary of State paid the three claims for personal injuries and property damage in the amount of $7,500. Since the payment of these claims were made pursuant to MCLA 257.1106(3); MSA 9.2806(3), plaintiff became obligated to reimburse the Fund. Plaintiff's failure to comply with this statutorily imposed obligation resulted in the suspension of her driver's license pursuant to subsection (5) of the same provision.

Plaintiff's constitutional challenge is predicated upon various provisions within the act which control the payment of claims against an uninsured motorist. The gravamen for this challenge is found in subsection (2) which, in pertinent part, provides:

"If any person to whom notice is sent *replies in writing within 20 days* of the date upon which the notice was sent, *disputing his liability, the provisions of subsection (5) shall be suspended as to such person,* until such person *executes a written consent to such payment* or the secretary *obtains a judgment* for such payment against such person in a court of law." (Emphasis added.) MCLA 257.1106(2); MSA 9.2806(2).

This language protects an uninsured motorist from becoming obligated to the Fund for repayment unless he either (1) consents to such payment or (2) a judgment for such payment is obtained in a court of law. However, this protection is conditioned upon notice being given to the Secretary of

State by the uninsured motorist that he disputes liability. Absent such notice, subsection (5) gives the Secretary of State the authority to suspend the driver's license of an uninsured motorist pending payment as follows:

"Where payment is made under this section, the operator's or chauffeur's license and owner's registration or registrations of the persons to whom notice was forwarded under this section shall be forthwith suspended by the secretary and shall not be reinstated until such person or persons have:

"(a) Repaid in full to the fund the amount paid out; or

"(b) Commenced installment repayments in accordance with an agreement made with the secretary, and filed proof of financial responsibility until the amount paid out in settlement of the claim by the motor vehicle accident claims fund has been repaid in full." MCLA 257.1106(5); MSA 9.2806(5).

In this event the uninsured motorist who fails to dispute his liability within 20 days becomes obligated to the Fund for any payments made in his behalf and subjected to suspension of his driver's license for non-payment. Since the present case falls within the purview of the latter situation, it is challenged as imposing a financial obligation based upon fault in the absence of due process or a judicial consideration of the merits.

Plaintiff attempts to support her constitutional challenge by characterizing this process as an administrative default judgment. This characterization which ascribes a judicial function to an administrative agency may indeed create the appearance that the doctrine of separation of powers is violated. However, such a violation is illusory since plaintiff's portrayal of the statute is inaccurate. The Secretary of State does not perform a

judicial function prior to making payment. The statute limits the Secretary's function of making payments to a case wherein liability is neither contested nor at issue, the uninsured motorist having failed to give notice that his liability is disputed. Certainly the Secretary exercises a degree of judgment based upon the facts to determine the appropriate amount to be paid claimants. However, this judgment is exercised in an atmosphere of settlement and bears no resemblance to the nature of a court judgment which is the product of a controversy wherein each party is represented by counsel.

Plaintiff's second argument, that the imposition of a financial obligation to the Fund violates the due process requirement of a hearing, likewise must fail. It is conceded that the revocation of a driver's license must be accomplished in accordance with principles of due process whether it is deemed a right or privilege. *Sherbert v Verner,* 374 US 398; 83 S Ct 1790; 10 L Ed 2d 965 (1963); *Shapiro v Thompson,* 394 US 618; 89 S Ct 1322; 22 L Ed 2d 600 (1969); *Goldberg v Kelly,* 397 US 254; 90 S Ct 1011; 25 L Ed 2d 287 (1970). Recently, the United States Supreme Court in *Bell v Burson,* 402 US 535; 91 S Ct 1586; 29 L Ed 2d 90 (1971), held a Georgia uninsured motorist statute unconstitutional for failure to provide due process protections prior to the suspension of driver's licenses. Unlike the present statute, the statute in *Bell* suspended the driver's license of an uninsured motorist at the instant he was involved in an accident and failed to post security to cover the amount of damages claimed by aggrieved parties. Thus, the statutory scheme in *Bell* imposed a burden upon the uninsured motorist in spite of his denial of fault and in the absence of any determination thereof.

The present statute provides due process protections beyond that required by the *Bell* Court, *i.e.,* a forum provided by the state to determine whether there is a reasonable possibility that a judgment may be rendered against the uninsured motorist.[1] It requires consent or a judgment as a condition precedent to the imposition of a repayment obligation or suspension of license when the uninsured motorist gives notice that he disputes his liability. This act of denial places a higher burden upon the state since it must seek a judgment or consent as opposed to merely providing the uninsured motorist with a forum in which to be heard. Thus, the uninsured motorist carries his own cloak of due process and need only put it on. Moreover, we find no compelling reason to protect the uninsured motorist from his own failure to give timely notice of his intent to dispute liability. He has voluntarily chosen to enter this alternate form of insurance protection and must abide by the reasonable rules and regulations required for the administration of the Fund. The 20-day notice requirement is neither unreasonable nor unjust.

The present plaintiff received actual notice of the claims against her by certified mail for which she signed. Each notice contained the following language:

"You have a right to dispute your liability and a right to a judicial determination of your liability. If you wish to dispute liability you must do so within 20 days from the date of this notice as shown below. Your dispute must be communicated in writing to the Michigan Department of State, Motor Vehicle Accident Claims Fund, Lansing, Michigan 48918. If you fail to respond to this notice within 20 days thereof disputing

---

[1] *Bell v Burson,* 402 US 535, 542; 91 S Ct 1586, 1591; 29 L Ed 2d 90, 97 (1971).

your liability, the Motor Vehicle Accident Claims Fund may proceed to make payment to the applicant(s). Your driver's License and vehicle registration will thereupon be suspended until you have repaid the Fund in full OR have entered into an agreement with the Fund to repay in installments the full amount involved and filed proof that you have Financial Responsibility Insurance in force."

Due process was accorded plaintiff since she was specifically informed of her right to dispute liability and the effect of failing to do so. Plaintiff could have guaranteed the hearing upon her liability which she now seeks by a simple request. As the learned trial judge, James L. Ryan, so aptly stated:

"Due process, however, does not require that those opportunities be held out to one accused of liability on an indefinite and unending basis, without some cut-off date after which her rights to dispute liability are terminated."

The license suspension flowing from plaintiff's inaction constitutes neither a violation of the doctrine of separation of powers nor the due process guarantees of the Michigan State Constitution.

Affirmed.

All concurred.