## BELL v SECRETARY OF STATE

1. AUTOMOBILES—SUSPENSION OF LICENSE—ACCIDENT CLAIMS FUND—
OBLIGATION TO REPAY.

   An uninsured motorist who has disputed his liability for a claim for damages from an automobile accident filed with the Motor Vehicle Accident Claims Fund is protected from becoming obligated to the fund for repayment and from having his operator's license suspended, unless he executes a written consent to such payment or a judgment for such payment is obtained against him in a court of law (MCLA 257.1106).

2. AUTOMOBILES—ACCIDENT CLAIMS FUND—DISPUTE OF LIABILITY—
DUE PROCESS.

   A written dispute of liability from an uninsured motorist, in a claim against the Motor Vehicle Accident Claims Fund, calls into play all the due process and statutory rights to which the uninsured motorist is entitled; therefore a writing sent within the statutory 20-day period should not be required to contain unnecessarily inflexible language disputing liability, and should not be uncritically characterized as containing no dispute of liability (MCLA 257.1106).

3. AUTOMOBILES—ACCIDENT CLAIMS FUND—DISPUTE OF LIABILITY—RE-
QUIREMENTS OF DISPUTE.

   An uninsured motorist's reply to a notice from the Motor Vehicle Accident Claims Fund that a claim had been filed against him was a sufficient dispute of liability to suspend the operation of the statute against him where the notice did not specify the amount of damages claimed, and the plaintiff's reply indicating that the damages done "shouldn't be more than $50.00" could only be understood to dispute all liability arising from the accident in excess of $50 (MCLA 257.1106).

Appeal from Wayne, Michael L. Stacey, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 109–124.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.

mitted Division 1 January 16, 1974, at Detroit. (Docket No. 15153.) Decided April 26, 1974.

Petition by Kenneth Bell against the Secretary of State for restoration of his driver's license. Petition denied. Plaintiff appeals. Reversed and remanded.

*Michael W. Hagedorn* (Wayne County Neighborhood Legal Services), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert. A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant.

Before: V. J. BRENNAN, P. J., and BASHARA and CARLAND,* JJ.

V. J. BRENNAN, P. J. Plaintiff, Kenneth Bell, appeals from a decision of the Wayne County Circuit Court denying his petition for restoration of his operator's license. Plaintiff was, however, allowed to retain the use of his operator's license pending the outcome of this appeal.

On May 4, 1971, plaintiff, Kenneth Bell, was involved in an automobile accident near the intersection of Woodward Avenue and Clairmont Street in the city of Detroit. Plaintiff, an uninsured motorist, struck an automobile, driven by Mr. Rex Ming, in the rear. Both Mr. Ming and plaintiff stopped their cars and examined the damage. They then exchanged the necessary information and departed.

On June 29, 1971, Mr. Ming filed an application for payment from the Motor Vehicle Accident

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Claims Fund[1] pursuant to the provisions of MCLA 257.1106; MSA 9.2806. On August 10, 1971, written notice of Mr. Ming's application was sent to plaintiff advising him that Mr. Ming had applied to the Fund for payment with respect to an accident which occurred between them and that Mr. Ming had alleged that plaintiff was legally liable for the damages arising therefrom. The letter also contained the following:

"You have a right to dispute your liability and a right to a judicial determination of your liability. If you wish to dispute liability you must do so within 20 days from the date of this notice as shown below. Your dispute must be communicated in writing to the Michigan Dept. of State, Motor Vehicle Accident Claims Fund, Lansing, Michigan 48918. If you fail to respond to this notice within 20 days thereof disputing your liability, the Motor Vehicle Accident Claims Fund may proceed to make payment to the applicant(s). Your driver's License and vehicle registration will thereupon be suspended until you have repaid the Fund in full OR have entered into an agreement with the Fund to repay in installments the full amount involved and filed proof that you have Financial Responsibility Insurance in force."

Within the appropriate 20-day period, plaintiff responded to the above letter in the following manner:

"I received a letter from the Michigan Department of State Motor Vehicle Accident Claims Fund on August 10, 1971, about an accident I had on May 5, 1971 with one Rex Ming.
"On May 5, 1971 I was driving down Woodward Ave going south, Mr. Ming was directly in front of me when we approached the stop light at the corner of Woodward and Clairmont. We both stopped. The light turned

---

[1] MCLA 257.1103; MSA 9.2803. Hereinafter referred to as the "Fund".

green. He started, then stopped suddenly. I hit. my brakes, but couldn't avoid hitting him in the rear. I then got out, inspected my car and found that the damage was very minor. I then inspected Mr. Mings *[sic]* car and the damages I had done shouldn't be more than $50.00. We then exchange *[sic]* driver's license and at this time I told him to get an estimate of the damage, and I'll pay for it. He agreed to my proposal and we both left the scene of the accident."

After an investigation of his claim, the Fund, despite the letter of plaintiff, paid Mr. Ming $6,500 as a settlement. Plaintiff's operator's license was thereupon suspended by the Secretary of State pursuant to MCLA 257.1106(5); MSA 9.2806(5).

On April 20, 1972, plaintiff brought this action in the Wayne County Circuit Court seeking the restoration of his operator's license. In his petition plaintiff alleged that his operator's license had been suspended in a manner contrary to the requirements of due process. The circuit court denied plaintiff's petition and it is from this determination that plaintiff now appeals.

Plaintiff contends, as he did in the court below, that the notice he received from the Fund, relative to Mr. Ming's application for payment from the Fund, was constitutionally inadequate because it failed to contain a statement of the specific charges and grounds upon which his liability was alleged to be based and because it contained no statement as to the amount of damages Mr. Ming claimed. Plaintiff also argues that MCLA 257.1106; MSA 9.2806 is unconstitutional on its face because it does not require that notice be given to an uninsured motorist advising him that his operator's license will be suspended if money is paid out of the Fund. In support of these contentions plaintiff principally relies on several recent decisions of

the United States Supreme Court.[2] We feel that it is unnecessary to reach these constitutional issues, however, since a proper disposition of the case can be made on other grounds.

MCLA 257.1106(2); MSA 9.2806(2), in pertinent part, provides:

"Upon receipt of application under this section, the secretary shall forward, by certified mail, notice of the application to the owner and driver of the uninsured motor vehicle against whom liability for damages is alleged, to their last addresses as recorded with the secretary. If any person to whom a notice is sent replies in writing within 20 days of the date upon which the notice was sent, disputing his liability, the provisions of subsection (5) shall be suspended as to such person, until such person executes a written consent to such payment or the secretary obtains a judgment for such payment against such person in a court of law."

It is readily apparent, from even a cursory reading of the above provision, that an uninsured motorist, who has disputed his liability, is protected from becoming obligated to the Fund for repayment, and from having his operator's license suspended, unless he executes a written consent to such payment or a judgment for such payment is obtained against him in a court of law. See *Hurt v Secretary of State*, 42 Mich App 554; 202 NW2d 554 (1972). It is only when the uninsured motorist does not dispute his liability that the Secretary of State can enter into a settlement, binding on the uninsured motorist, without the uninsured motorist's written consent. The written dispute of liability calls into play all the due process and statutory rights to which the uninsured motorist is entitled.

[2] *Jennings v Mahoney,* 404 US 25; 92 S Ct 180; 30 L Ed 2d 146 (1971); *Bell v Burson,* 402 US 535; 91 S Ct 1586; 29 L Ed 2d 90 (1971); *Goldberg v Kelly,* 397 US 254; 90 S Ct 1011; 25 L Ed 2d 287 (1970).

*Hurt v Secretary of State, supra.* We should be careful, therefore, not to require a writing, sent within the twenty-day period, to contain unnecessarily inflexible language disputing liability. In that gray area which necessarily exists between a writing which contains an absolute denial of liability and a writing which unconditionally admits liability, the Secretary of State, acting in his capacity as Director of the Fund, and this Court, when reviewing such action, must be alert to assure that once a reply to the statutorily required notice has been sent, it is not uncritically characterized as containing no dispute of liability.

In the case at bar plaintiff responded within the 20-day period in the manner previously set forth. By his letter, plaintiff admitted that he was involved in an accident with Mr. Ming on the date alleged but specified that the damage to Mr. Ming's car "shouldn't be more than $50.00". The notice plaintiff received did not contain a statement of the amount of damages Mr. Ming claimed. Plaintiff could not, therefore, be any more specific in his denial. He explained, in his own words, what happened on the day of the accident and the amount of damages he believed to have resulted therefrom. Plaintiff's letter, when fairly read, and taking into consideration the fact that it was written by one untrained in the intricacies of the law, can only be understood to dispute all liability arising from the accident in excess of $50. As such, plaintiff's letter constituted a sufficient dispute of liability to require the Secretary of State to procure a written consent from plaintiff or obtain a judgment against plaintiff for payment before his operator's license could be suspended. MCLA

257.1106(2); MSA 9.2806(2). This was not done. Accordingly, plaintiff is entitled to the restoration of his operator's license.

Reversed and remanded for the entry of an order consistent with this opinion.

All concurred.