## JENNINGS *v.* MAHONEY, DIRECTOR, FINANCIAL RESPONSIBILITY DIVISION, DEPARTMENT OF PUBLIC SAFETY OF UTAH

No. 71–5179.   Decided November 9, 1971

PER CURIAM.

Appellant, a Utah motorist, was involved in a collision. Both drivers and a police officer who investigated the accident filed accident reports with Utah's Department of Public Safety as required by the Utah Motor Vehicle Safety Responsibility Act. Without affording appellant a hearing on fault, and based solely on the contents of the accident reports, the Director of the Financial Responsibility Division determined that there was a reasonable possibility that appellant was at fault. Appellant did not carry liability insurance and was unable to post security to show financial responsibility. The Director therefore suspended her license. A Utah District Court sustained the Director, and the Supreme Court of Utah affirmed. 26 Utah 2d 128, 485 P. 2d 1404 (1971).

The proceedings were authorized under Utah Code Ann. §§ 41–12–2 (b) and 41–6–35 (1953). Appellant attacks the statutory scheme as not affording the procedural due process required by our decision in *Bell* v. *Burson,* 402 U. S. 535 (1971). We there held that the Georgia version of a motor vehicle responsibility law was constitutionally deficient for failure to afford the uninsured motorist procedural due process. We held that, although a determination that there was a reasonable possibility that the motorist was at fault in the accident sufficed, "before the State may deprive [him] of his driver's license and vehicle registration," the State must provide "a forum for the determination of the question" and a "meaningful . . . 'hearing appropriate to the nature of the case.' " *Id.,* at 541, 542. Appellant submits that Utah's statutory scheme falls short of these requirements in two respects: (1) by not requiring a stay of the Director's order pending determination of judicial review, the scheme leaves open the possibility of suspension of licenses without prior hearing; (2) in confining judicial review to whether the Director's determination is supported by the accident reports, and not affording the motorist an opportunity to offer evidence and cross-examine witnesses, the motorist is not afforded a "meaningful" hearing.

There is plainly a substantial question whether the Utah statutory scheme on its face affords the procedural due process required by *Bell* v. *Burson.* This case does not, however, require that we address that question. The District Court in fact afforded this appellant such procedural due process. That court stayed the Director's suspension order pending completion of judicial review, and conducted a hearing at which appellant was afforded the opportunity to present evidence and cross-

examine witnesses. Both appellant and the Director testified at that hearing. The testimony of the investigating police officer would also have been heard except that appellant's service of a subpoena upon him to appear was not timely under the applicable court rules.

The judgment of the Utah Supreme Court is

*Affirmed.*