CHARLES ROBERT SCHETZER, APPELLANT, v. JOHN L. SULLIVAN, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.
229 N. W. 2d 550

Filed May 22, 1975. No. 39789.

Charles Robert Schetzer, pro se.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Charles Robert Schetzer, appellant, appeals from a judgment dismissing his petition filed pursuant to section 60-503, R. R. S. 1943, contesting an order of suspension of his driver's license. We affirm.

Appellant was involved in a property damage accident on March 12, 1974, in Omaha, Nebraska. He executed a U-turn-type maneuver in which he drove his vehicle in

a southbound direction in a traffic lane designated for northbound traffic only. At the same time, another vehicle driven by one Zager pulled out of a south driveway to proceed northbound. The vehicles collided. Appellant was ticketed and convicted in the municipal court for driving left of the center marker. Appellant was uninsured. Upon receipt of the accident reports the Department of Motor Vehicles determined there was a reasonable possibility of a judgment being rendered against appellant as the result of this accident, and accordingly issued the order of suspension being contested.

Appellant, who appears pro se, sets out four assignments of error, as follows: "1. The court erred in not sustaining appelants (sic) motion that the facts were insufficient to require this action.

"2. The court erred in admitting improper evidence over proper and timely objection of appelant (sic).

"3. The evidence is insufficient to require this action.

"4. Law is unconstitutional in that it requires double bonding."

Section 60-507, R. R. S. 1943, provides in relevant part: "(1) Within ninety days after the receipt by the Department of Roads of a report of a motor vehicle accident within this state which has resulted in * * * damage to the property of any one person, including such operator, to an apparent extent in excess of two hundred fifty dollars, the Department of Motor Vehicles shall suspend (a) the license of each operator of a motor vehicle in any manner involved in such accident * * * unless such operator shall deposit security in a sum which shall be sufficient, in the judgment of the Department of Motor Vehicles, to satisfy any judgment or judgments for damages resulting from such accident which may be recovered against such operator, and unless such operator shall give proof of financial responsibility; * * *.

"(2) The order of suspension provided for in subsection (1) of this section shall not be entered by the Department of Motor Vehicles if the department deter-

mines that in its judgment there is no reasonable possibility of a judgment being rendered against such operator.

"(3) In determining whether there is a reasonable possibility of judgment being rendered against such operator, the department shall consider all reports and information filed in connection with the accident.

"(4) The order of suspension provided for in subsection (1) of this section shall advise the operator that he has a right to appeal the order of suspension in accordance with the provisions set forth in section 60-503."

Assignment of error No. 2 presents no issue since appellant made no objection whatsoever to any evidence offered at the trial. Further, the assignment is nowhere discussed in appellant's brief. Consideration of a cause on appeal is limited to errors assigned and discussed. McClellen v. Dobberstein (1973), 189 Neb. 669, 204 N. W. 2d 559.

Appellant's assignment of error No. 4 does not present any question for the action of this court. There is absolutely nothing in the entire record to substantiate any allegation concerning double bonding. Appellant attaches a photocopy of what purports to be a personal bond in an appeal by appellant from a municipal court judgment obtained by Olon E. Zager. This attachment is not properly before the court. It was not received nor offered during the proceedings below. Apparently it is a copy of a document which originated subsequent to the disposition of appellant's appeal to the District Court. Purported evidence which does not appear in the record cannot be considered by this court on appeal. State v. Griger (1973), 190 Neb. 405, 208 N. W. 2d 672.

Appellant's assignments of error Nos. 1 and 3 contest the sufficiency of the evidence to sustain the judgment of the trial court. This action is contesting an order of suspension under section 60-507, R. R. S. 1943. The only issue below was whether there was a reasonable possibility of a judgment being rendered against the appellant

as an operator of a motor vehicle involved in the accident on March 12, 1974. The trial court found there was such reasonable possibility, and we agree. The evidence is undisputed appellant was operating his motor vehicle the wrong way in northbound traffic when the collision occurred.

The judgment is affirmed.

AFFIRMED.