ALBERT L. BERG, APPELLEE, V. JAMES R. PEARSON, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, APPELLANT.

259 N. W. 2d 275

Filed November 9, 1977. No. 41159.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellant.

Charles I. Scudder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The Director of the Department of Motor Vehicles has appealed from an order of the District Court vacating an order suspending the motor vehicle operator's license of the appellee, Albert L. Berg, for fail-

ure to comply with the requirements of section 60-507, R. R. S. 1943, of the Motor Vehicle Safety Responsibility Act.

Berg was involved in an automobile accident on April 17, 1975, when the front of a truck he was operating collided with the rear of an automobile operated by Michele Lehotak. Although there was no damage to either vehicle, Ms. Lehotak claimed that she was injured in the accident. The Director determined there was a reasonable possibility of a judgment being rendered against Berg for damages claimed by Ms. Lehotak and suspended Berg's license for failure to supply proof of financial responsibility as required by section 60-507, R. R. S. 1943.

Berg filed a petition in the District Court to review the order of the Director, alleging that he had been deprived of due process of law and the equal protection of the law, and had been subjected to double jeopardy because an action against him for damages arising out of the accident was then pending in the District Court. At the hearing in the District Court, Berg testified that he was driving his pickup truck north on Abbott Drive in Omaha, Nebraska, when he came up behind the Lehotak vehicle which was proceeding in the same direction at a speed of not over 5 miles per hour. Berg concluded that the Lehotak vehicle was disabled so he drove "right up next to her and bumped her car, just barely touching her, and then hollered at her and asked her to just let it roll and get off the street." When the Berg truck bumped the Lehotak vehicle, "she applied her brakes, slammed on her brakes" and a second impact occurred.

The trial court found the first impact was not the result of negligence; that a contributing cause of the second impact was the negligence of Ms. Lehotak which was more than slight; and that the order of the Director should be vacated.

A transcript of the record, which was before the

Director, was introduced in the District Court. It includes the report of a police officer who investigated the accident. This report states that the driver of the Lehotak vehicle and witnesses to the accident said that the Berg truck was "tailgating" the Lehotak vehicle at a distance of inches, bumping the Lehotak vehicle at least twice. According to the driver of the Lehotak vehicle, her speed was about 25 m.p.h. The report further states that Berg admitted bumping the Lehotak vehicle to "let her know I was back there" and that "he just wanted to get her moving."

The issue before the Director was whether there was a reasonable possibility of a judgment being rendered against Berg as a result of the accident. § 60-507, R. R. S. 1943; Schetzer v. Sullivan, 193 Neb. 841, 229 N. W. 2d 550. The Director was required to determine this issue from the reports and information filed in connection with the accident.

A petition for review in the District Court is to be heard "summarily" by the District Court without a jury. § 60-503, R. R. S. 1943. The issue upon the petition for review is the same as that which was before the Director although the District Court must consider any additional facts developed in the hearing in the District Court.

Liability resulting from an automobile accident ultimately depends upon a resolution of many issues including the credibility of witnesses and a comparison of the negligence, if any, of the parties involved in the accident. These are not issues to be decided upon a petition to review an order of the Director. An order of suspension should not be set aside unless there is no reasonable possibility of a judgment being rendered against the operator in question.

The correct procedure is set out in Jennings v. Mahoney, 26 Utah 2d 128, 485 P. 2d 1404, affirmed 404 U. S. 25, 92 S. Ct. 180, 30 L. Ed. 2d 146. In that case the court said: "It should be emphasized that the

procedure provided under the Financial Responsibility Act is to determine whether security is required to assure financial responsibility and not to determine ultimate liability." The Utah court then quoted from Orr v. Superior Court of City & Co. of San Francisco, 71 Cal. 2d 220, 77 Cal. Rptr. 816, 454 P. 2d 712, in which the California court said: "The department need not decide as between conflicting versions of the accident whether the driver was in fact at fault; if there is any credible evidence on the basis of which he could reasonably be considered culpable, such evidence, which could be believed by the trier of fact in a lawsuit, will suffice to support a determination that it is reasonably possible that a judgment may be recovered against the driver. Neither is the department called upon to make sophisticated judgments upon any claims of contributory negligence or of last clear chance etc. which may arise; such claims commonly turn in the first instance upon determinations of disputed facts, and as stated such determinations are not the responsibility of the department. * * * The issue is not that indicated by the trial court in this case: whether the driver was actually without fault in the accident. Instead, the issue is only whether the evidence before the department supports its implied finding of the reasonable possibility of a judgment. Accordingly, it is appropriate to limit the scope of court review to a review of the department's action, rather than an unlimited new trial on the issue of fault."

It is apparent from the record that the findings made by the trial court in this case were based upon the testimony of Berg and disregarded the facts as stated in the police report which was before the Director. Although the question of liability may eventually be resolved as indicated by the findings of the trial court, that is not the issue in this proceeding.

The record established that there was a reasonable possibility of a judgment being rendered against

Berg. The judgment vacating the order of the Director was erroneous and must be reversed. The judgment is reversed and the cause remanded with directions to reinstate the order of the Director.

REVERSED AND REMANDED WITH DIRECTIONS.