## Commonwealth v. McIntosh

*Patrick J. Lavelle*, for Commonwealth.
*John Deutsch*, for defendant.

LAVELLE, *P.J.*, April 19, 1979—This is an appeal from the action of the Director of the Bureau of Traffic Safety of the Pennsylvania Department of Transportation in recalling the driver's license of

appellant on grounds of medical or mental incompetency. Appellant challenges the constitutionality, on due process grounds, of sections 1519 and 1550 of the new Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §§1519 and 1550.

The relevant facts are as follows: appellant, who is 58 years of age, was involved in an automobile accident in which he was cited for reckless driving and driving under the influence of intoxicants. During the course of their investigation of this accident, the state police discovered that appellant had recently undergone extensive brain surgery and reported this fact to the Bureau of Traffic Safety (hereinafter the Bureau).

Thereafter, the Bureau, pursuant to the provisions of section 1519(a) of the Vehicle Code, requested that appellant submit to a medical examination by a physician of his choice. Appellant did undergo such an examination by Robert M. Jaeger, M.D., appellant's neurosurgeon.

Dr. Jaeger completed and submitted to the Bureau a General Neurologic Form in which he reported that appellant had sustained a massive left temporal intracerebral hematoma caused by a vascular malformation which was removed from his brain on November 22, 1975, and that "this left him with a visual field defect off to the right side and profound difficulty in conceptual speech." The doctor indicated that at the time of examination the visual field loss appeared to have subsided and the only residual noted was "a specific conceptual speech difficulty in transmission and reception." In response to a question as to whether appellant had any significant impairment of reaction time he answered "this is difficult to ascertain but it *may* be slowed." (Emphasis supplied.) The doctor de-

scribed his coordination as apparently satisfactory and that he had no muscular weakness or paralysis in any area. The only defect noted was a lack of coordination "in the field of speech and conceptual speech." In answer to the question whether "from a medical standpoint only, do you consider this person physically and/or mentally competent to operate a motor vehicle?" the doctor replied in the negative commenting that "I think his intellectual speech difficulty is sufficient to impair his ability to carry out motor vehicle activities."

On September 18, 1978, the Bureau advised appellant that his operating privileges were being recalled until satisfactory evidence is presented as to proof of competency pursuant to the provisions of Vehicle Code section 1519(c). Following receipt of the aforesaid notice, appellant perfected the within appeal pursuant to the provisions of Vehicle Code section 1550.

## DISCUSSION

It is now well established that a license to operate motor vehicles, once issued, may not be cancelled, suspended or recalled by state action without adherence to the due process requirements of the Fourteenth Amendment. This has been said to be but a particular application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether that entitlement be denominated a "right" or "privilege": Bell v. Burson, 402 U.S. 535, 29 L.Ed. 2d 90 (1971). Such due process requires that when a state seeks to suspend a motorist's license, it must afford, before the suspension becomes effective, notice and opportunity for hearing appropriate to the nature of the case: id. at 96.

The absence of an administrative departmental hearing can be cured by the availability of judicial review of the administrative order in a de novo hearing coupled with a supersedeas staying execution of the administrative order pending such review: Jennings v. Mahoney, 404 U.S. 25, 30 L.Ed. 2d 146 (1971). We afforded appellant a de novo hearing after granting a supersedeas staying the Bureau's order of recall. We, therefore, reject appellant's constitutional attack as being without merit.

The sole question to be resolved, therefore, is whether appellant's affliction interferes with his ability to safely operate a motor vehicle: Horner License, 2 D. & C. 3d 563 (1977); Rice's License, 3 D. & C. 3d 682 (1976).* The only evidence before the court as to appellant's medical or mental impairment is Dr. Jaeger's report in which he finds a "profound" and "specific" conceptual speech difficulty in transmission and reception. There is nothing in the record to relate this deficiency to any impairment of driving ability. To the contrary, counsel for both the Commonwealth and appellant stipulated as to the testimony of 14 witnesses who were present in court to testify on behalf of appellant. Under the stipulation, the testimony of these witnesses was that they had driven in a motor vehicle operated by appellant on numerous occasions during a six-month period prior to the hearing and that at all times they observed appellant to be a safe and competent driver. The Commonwealth chose

---

*Construing former section 618(a)(1) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §618, which authorized suspension upon a finding that a driver "is affected with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle . . ."

not to have Dr. Jaeger present at the hearing and relied solely on his neurological report which was neither sworn to nor notarized.

In view of this record, the Commonwealth has not met its burden of proof and the bureau's determination of incompetency cannot be permitted to stand: Horner License, supra.; Morath Appeal, 58 D. & C. 2d 432 (1972).

For the foregoing reasons, we enter the following

## ORDER

And now, April 19, 1979, upon consideration of the within petition for appeal from the order of the Department of Transportation in recalling the operating privileges of appellant Gilbert Walter McIntosh, and after hearing, it is hereby ordered and decreed that the said appeal is allowed and the Bureau of Traffic Safety of the Pennsylvania Department of Transportation is hereby ordered to restore the operating privileges of appellant.

Costs on the Commonwealth of Pennsylvania.