ARTHUR HEHN, APPELLANT, V. STATE OF NEBRASKA,
DEPARTMENT OF MOTOR VEHICLES, AND DOROTHY C.
RYAN, OFFICE SUPERVISOR, APPELLEES.

290 N. W. 2d 813

Filed April 8, 1980. No. 42702.

L. William Kelly III and Kelly, Kelly & Kelly, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from the District Court for Hall County, Nebraska, which, on review of the defendant Department of Motor Vehicles' order suspending the plaintiff's, Arthur Hehn's, operating privileges in the State of Nebraska for failure to comply with the terms of the Motor Vehicle Safety Responsibility Act, Neb. Rev. Stat. § 60-501 (Supp. 1979) and §§ 60-502 to 569 (Reissue 1978), affirmed the order of the department. Plaintiff appeals.

This action, although not specifically designated as such by the parties in their pleadings, is conceded by the briefs to be pursuant to the provisions of § 60-503, which provide that:

Any person aggrieved by an order or act of

the department under the provisions of sections 60-501 to 60-569, may, within twenty days after notice thereof, file a petition in the district court of the county . . . for a review thereof, . . . . The court shall summarily hear the petition as a case in equity without a jury and may make any appropriate order or decree.

This court has previously held that:

Under the Motor Vehicle Safety Responsibility Act the issue before the Director is not whether the operator was at fault in the accident but whether the evidence supports the finding that there is a reasonable possibility of a judgment being rendered against the operator involved in the accident.

*Berg v. Pearson*, 199 Neb. 390, 259 N.W.2d 275 (1977) (court's syllabus).

Plaintiff assigns three errors: (1) That the trial court erred in determining that the burden of proof was on the license holder; (2) That the trial court erred in determining that there was a reasonable possibility of a judgment being rendered against plaintiff; and (3) That the trial court erred in admitting into evidence over objection exhibit 4 consisting of the letters, accident report, and interdepartmental communication of an analyst's report. Finding no error in the proceeding, we affirm. We shall discuss the last assignment first.

Section 60-507 (3) provides: "(3) In determining whether there is a reasonable possibility of judgment being rendered against such operator, the department shall consider all reports and information filed in connection with the accident."

Upon a petition for review of an order of suspension of an operator's license, the issue is the same as that which was before the director, but the District Court must consider any additional facts developed in the hearing in the District Court. *Berg v. Pear-*

*son, supra.* It is elementary that, if the District Court is to determine whether the director's action was correct and if the director is required by statute to consider all such reports and information filed in connection with the accident, then the record made before the director must be available to the District Court. To hold otherwise would render farcical the remedy of § 60-503. We would, in effect, be requiring the court to review a record without permitting that record to be admitted into evidence. It would be fruitless to discuss the ramifications of the suggestion that the report before the Department of Motor Vehicles constituted hearsay or for what purpose it was offered in evidence. The fact is that the record made before the director is admissible as evidence in the District Court because the statute plainly suggests that it is admissible.

The next assignment of error we shall consider is the plaintiff's contention that the court erred in placing the burden on the plaintiff to attack the validity of the order. Plaintiff argues that, unless the director has the burden of showing that there is a reason to believe recovery can be had against a licensee, due process will be violated. Plaintiff does not specifically cite any cases which hold directly on that point. We merely note that the U.S. Supreme Court in *Jennings v. Mahoney*, 404 U.S. 25, 26 (1971), said:

> We held that, although a determination that there was a reasonable possibility that the motorist was at fault in the accident sufficed, "before the State may deprive [him] of his driver's license and vehicle registration," the State must provide "a forum for the determination of the question" and a "meaningful . . . 'hearing appropriate to the nature of the case.' "

The court did not indicate that the State must bear the burden of proof; indeed, the body of law seems to indicate that the burden is on the licensee. In

*Mackey v. Director of Department of Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975), this court noted that the appealing licensee had the burden of pleading and proving the specific grounds on which he relied to establish a claim of invalidity of a license revocation under the former "points" statute, Neb. Rev. Stat. § 39-7,129 (Reissue 1968). See, also, *Lutjemeyer v. Dennis*, 186 Neb. 46, 180 N.W.2d 679 (1970); 73 C.J.S. *Public Administrative Bodies and Procedure* § 206 (1951). We hold that the procedure specified by the District Court placing on the plaintiff the burden of proving the invalidity of the order of the director of the Department of Motor Vehicles was correct and does not violate the due process rights of plaintiff.

The last issue we shall consider is whether the director of the Department of Motor Vehicles can be sustained in his finding that there was a reasonable possibility that a judgment would be rendered against the plaintiff.

On the date of the accident, July 19, 1977, the plaintiff had a valid Nebraska driver's license and had no liability insurance. There is no contention that the plaintiff had valid liability insurance in effect at the date of the accident or that he had furnished a bond or a valid release to the department pursuant to § 60-507.

The plaintiff indicated that he was driving on Highway 2 within the boundaries of Cairo, Hall County, Nebraska, in a westerly direction at a speed of 20 to 25 miles an hour; that he was turning left between intersections, apparently into an alley, where left turns were not prohibited. The plaintiff's evidence indicates that, as he was slowing down to turn left, he saw no vehicles either following or approaching him and that, as he was turning, he heard a screech of tires from the rear and felt an impact to his truck coming from the rear. The accident report of the investigating officer, Howard N. Jen-

sen, which was considered by the director, stated that the plaintiff's vehicle was attempting to make a left turn into an alley between Suez and Berber Streets, on Highway 2 in Cairo; the other vehicle was also westbound and had started to pass plaintiff's vehicle and struck it in the left rear as the plaintiff was turning into the alley. The police officer indicated on the report that the plaintiff's left-turn signal was not operating. While the plaintiff testified that his signal was operating before the accident, he conceded that the signal was not operating after the accident. There was no evidence presented to show that the signal lamp was in any way damaged or rendered inoperable by the accident. On the basis of those reports, the director found that a reasonable possibility existed that the plaintiff could be held liable for making a turn into an alley without a proper signal. It is not the function of the director to weigh the alleged negligence or contributory negligence of the parties involved but to make, on the basis of a report, a determination of whether a reasonable possibility of liability exists.

Based on the facts outlined above, it is obvious that such determination by the director and by the District Court is supported by sufficient fact so as not to constitute an abuse of discretion.

AFFIRMED.

KRIVOSHA, C. J., concurs in result.
CLINTON, J., not voting.