DAVID L. WROBLEWSKI, APPELLEE, V.
R. JAMES PEARSON, DIRECTOR OF THE
DEPARTMENT OF MOTOR VEHICLES,
HIS SUCCESSORS AND REPRESENTATIVES,
AND THE STATE OF NEBRASKA,
APPELLANTS.

313 N.W.2d 231

Filed December 4, 1981. No. 43603.

Paul L. Douglas, Attorney General, and Linda A. Akers for appellants.

No appearance for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

KRIVOSHA, C.J.

The director of the Department of Motor Vehicles has appealed from an order of the District Court for Valley County, Nebraska, vacating a previous order entered by the director of the Department of Motor Vehicles suspending the motor vehicle operator's license of the appellee, David L. Wroblewski, for failure to comply with the requirements of Neb. Rev. Stat. § 60-507 (Reissue 1978) of the Motor Vehicle Safety Responsibility Act. Our examination of the record, viewed in light of our earlier decisions, leaves us with no alternative but to reverse the action of the District Court and reinstate the order of the Director of Motor Vehicles.

Wroblewski was involved in an accident on August 14, 1977, at 9:45 p.m., at a location approximately one-half mile west of Arcadia, Nebraska, on Highway 70. The three vehicles involved in the accident were following each other westbound on Highway 70.

According to the accident report submitted to the

Department of Motor Vehicles by Deputy Sheriff Eugene Vodehial, Wroblewski was the third car in this line of vehicles. The report indicates that Wroblewski attempted to pass the second vehicle but cut back in line too quickly, striking the second vehicle and forcing it off the road into a ditch. The report continues, that after striking vehicle No. 2, Wroblewski lost control of his car and hit the rear end of the first vehicle, knocking off its rear bumper. The Wroblewski vehicle then veered into the north ditch before coming to a stop.

A security deposit in the amount of $30,750 was fixed by the Department of Motor Vehicles. This amount was determined in accordance with the provisions of Neb. Rev. Stat. §§ 60-509 and 60-513 (Reissue 1978). Wroblewski did not have liability insurance before the accident and failed to post the bond as required by law. Accordingly, the department suspended Wroblewski's license and operating privileges.

Upon appeal to the District Court, pursuant to Neb. Rev. Stat. § 60-503 (Reissue 1978), the trial court determined that the burden was upon the Department of Motor Vehicles to prove the validity of its order. The trial court further held that while the accident report considered by the Director of Motor Vehicles was not admissible, the court would nevertheless consider it. In doing so the trial court said: "Of course the statute says that the accident report is not admissible, however, I am going to receive that, because we don't have a jury here; the analysis report I am going to strike from this, I am not going to admit that; I think that is too much hearsay and I will return it to you Miss and the remainer [sic] of Exhibit No. 1 will be received."

After hearing, the trial court found that there was no possibility of a judgment being rendered against Wroblewski and reversed the order of the director revoking Wroblewski's operator's license.

The department has appealed, maintaining that the trial court erred in not placing the burden of proof upon the licensee to establish the invalidity of the order

entered by the Department of Motor Vehicles. Further, the department maintains the trial court erred in not considering the entire record made before the director, and further erred in determining that there was not a reasonable possibility of a judgment being entered against the licensee as a result of the automobile accident.

In the cases of *Hehn v. State*, 206 Neb. 34, 290 N.W.2d 813 (1980), and *Berg v. Pearson*, 199 Neb. 390, 259 N.W.2d 275 (1977), similar questions were presented to this court. In *Hehn, supra,* we held: "On appeal to the District Court from an order of the director of the Department of Motor Vehicles revoking a motor vehicle operator's license, the burden of proof is on the licensee to establish the invalidity of the order." (Syllabus of the court.) Furthermore, in *Hehn, supra,* we held: "Upon a petition for review of an order of suspension of an operator's license by the director of the Department of Motor Vehicles, the District Court is *required* to consider the record made before the director." (Emphasis supplied.) (Syllabus of the court.) In so holding we said at 36, 290 N.W.2d at 814-15: "It is elementary that, if the District Court is to determine whether the director's action was correct and if the director is required by statute to consider all such reports and information filed in connection with the accident, then the record made before the director must be available to the District Court. To hold otherwise would render farcical the remedy of § 60-503. We would, in effect, be requiring the court to review a record without permitting that record to be admitted into evidence. It would be fruitless to discuss the ramifications of the suggestion that the report before the Department of Motor Vehicles constituted hearsay or for what purpose it was offered in evidence. The fact is that the record made before the director is admissible as evidence in the District Court because the statute plainly suggests that it is admissible."

The issue in cases of this nature is not whether a

judgment should be entered against the licensee but, rather, whether there is "a reasonable possibility" of a judgment being rendered against the licensee as a result of the accident. See § 60-507; *Schetzer v. Sullivan,* 193 Neb. 841, 229 N.W.2d 550 (1975). As we noted in *Berg, supra* at 392, 259 N.W.2d at 276-77: "Liability resulting from an automobile accident ultimately depends upon a resolution of many issues including the credibility of witnesses and a comparison of the negligence, if any, of the parties involved in the accident. These are not issues to be decided upon a petition to review an order of the Director. An order of suspension should not be set aside unless there is *no* reasonable possibility of a judgment being rendered against the operator in question." (Emphasis supplied.) The issue in cases of this nature is not whether the driver is actually liable in the accident; instead, the issue is only whether the evidence before the Department of Motor Vehicles supports its finding that there is a reasonable possibility of a judgment. The scope of review in cases of this nature is a review of the department's determination that there is a reasonable possibility of a judgment rather than an unlimited new trial on the issue of liability. See, *Jennings v. Mahoney,* 26 Utah 2d 128, 485 P.2d 1404 (1971), *aff'd* 404 U.S. 25, 92 S. Ct. 180, 30 L. Ed. 2d 146.

One cannot say as a matter of law that reasonable minds could not find that Wroblewski negligently operated his vehicle. There is at least a reasonable "possibility" that a judgment might be entered against Wroblewski. That is all the director is required to determine before imposing the requirements of the Nebraska Motor Vehicle Safety Responsibility Act. One may avoid the imposition of this act by procuring liability insurance in advance of an accident. By failing to do so, a driver subjects himself to the requirements of the act.

The record presented to the Director of Motor Vehicles, and thereafter presented to the District Court

for review, establishes that there is a reasonable possibility of a judgment being rendered against Wroblewski, though, admittedly, a trial on the merits might result otherwise. The judgment vacating the order of the director was erroneous and must be reversed. The judgment is therefore reversed and the cause remanded with directions to reinstate the order of the director.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., participating on briefs.