OSCAR F. WAY, APPELLANT, V. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA AND HARRY "PETE" PETERSON, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, APPELLEES.

351 N.W.2d 46

Filed June 22, 1984. No. 83-129.

James H. Monahan, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The plaintiff, Oscar F. Way, appeals from the order of the district court affirming the order of the Department of Motor Vehicles suspending his

driver's license for failure to comply with the provisions of the Nebraska Motor Vehicle Safety Responsibility Act, Neb. Rev. Stat. §§ 60-501 et seq. (Reissue 1978 and Cum. Supp. 1982). The review in the district court was pursuant to § 60-503 (Reissue 1978).

While operating his pickup truck on December 22, 1981, Way was involved in a collision with another vehicle at the intersection of 30th and McKinley Streets in Omaha, Nebraska. Way was not insured. Reports filed with the department following the accident indicate that approximately $1,000 in property damage resulted to the other vehicle and that the driver of that vehicle struck his head on the windshield at the time of the collision.

From a review of the reports made in connection with the accident, the department determined there was a reasonable possibility that it could be found that Way failed to yield the right-of-way and that a judgment could be rendered against Way as a result of the accident. In accordance with the provisions of the Motor Vehicle Safety Responsibility Act, the department required Way either to post a security deposit in the amount of $16,000 to satisfy any judgment against him or to comply with the other alternatives which are set out in the statute. Way failed to post the deposit and his license was suspended pursuant to § 60-507 (Reissue 1978).

On appeal Way contends that his right to due process was violated because he was required to bear the burden in the district court proceeding of showing the invalidity of the department's action. In *Hehn v. State*, 206 Neb. 34, 36-37, 290 N.W.2d 813, 815 (1980), where the same issue was raised, we said:

> The next assignment of error we shall consider is the plaintiff's contention that the court erred in placing the burden on the plaintiff to attack the validity of the order. Plaintiff argues that, unless the director has the burden of showing that there is a reason to believe recovery can

be had against a licensee, due process will be violated. Plaintiff does not specifically cite any cases which hold directly on that point. We merely note that the U.S. Supreme Court in *Jennings v. Mahoney*, 404 U.S. 25, 26 (1971), said: "We held that, although a determination that there was a reasonable possibility that the motorist was at fault in the accident sufficed, 'before the State may deprive [him] of his driver's license and vehicle registration,' the State must provide 'a forum for the determination of the question' and a 'meaningful . . . "hearing appropriate to the nature of the case." ' " The court did not indicate that the State must bear the burden of proof; indeed, the body of law seems to indicate that the burden is on the licensee. In *Mackey v. Director of Department of Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975), this court noted that the appealing licensee had the burden of pleading and proving the specific grounds on which he relied to establish a claim of invalidity of a license revocation under the former "points" statute, Neb. Rev. Stat. § 39-7,129 (Reissue 1968). See, also, *Lutjemeyer v. Dennis*, 186 Neb. 46, 180 N.W.2d 679 (1970); 73 C.J.S. *Public Administrative Bodies and Procedure* § 206 (1951). We hold that the procedure specified by the District Court placing on the plaintiff the burden of proving the invalidity of the order of the director of the Department of Motor Vehicles was correct and does not violate the due process rights of plaintiff.

Way next contends that the amount of the bond was unreasonable in light of the evidence presented. A bond required by statute will be construed in light of the purpose for which it is required as expressed in the statute. *State Surety Co. v. Peters*, 197 Neb. 472, 249 N.W.2d 740 (1977). In *Berg v. Pearson*, 199 Neb. 390, 392-93, 259 N.W.2d 275, 277 (1977), we dis-

cussed the rationale behind the Motor Vehicle Safety Responsibility Act:

> [I]n Jennings v. Mahoney, 26 Utah 2d 128, 485 P. 2d 1404, affirmed 404 U.S. 25, 92 S. Ct. 180, 30 L. Ed. 2d 146 . . . the court said: "It should be emphasized that the procedure provided under the Financial Responsibility Act is to determine whether security is required to assure financial responsibility and not to determine ultimate liability."

The security deposit required by statute to insure that any judgment against the uninsured motorist will be paid must be in an amount adequate for that purpose.

In *Wroblewski v. Pearson*, 210 Neb. 82, 313 N.W.2d 231 (1981), we upheld the suspension of Wroblewski's driver's license when he failed to post a security deposit of $30,750 after he was involved in an accident involving property damage to two other vehicles. We said:

> The issue in cases of this nature is not whether a judgment should be entered against the licensee but, rather, whether there is "a reasonable possibility" of a judgment being rendered against the licensee as a result of the accident. See § 60-507; *Schetzer v. Sullivan*, 193 Neb. 841, 229 N.W.2d 550 (1975). As we noted in *Berg, supra* at 392, 259 N.W.2d at 276-77: ". . . An order of suspension should not be set aside unless there is *no* reasonable possibility of a judgment being rendered against the operator in question." (Emphasis supplied.) The issue in cases of this nature is not whether the driver is actually liable in the accident; instead, the issue is only whether the evidence before the Department of Motor Vehicles supports its finding that there is a reasonable possibility of a judgment. The scope of review in cases of this nature is a review of the department's determination that there is a reasonable possibility of a judgment

rather than an unlimited new trial on the issue of liability.

*Id.* at 85-86, 313 N.W.2d at 233.

In *Hehn*, 206 Neb. 34, 38, 290 N.W.2d 813, 816 (1980), we said: "It is not the function of the director to weigh the alleged negligence or contributory negligence of the parties involved but to make, on the basis of a report, a determination of whether a reasonable possibility of liability exists."

In the present case the director reviewed the reports made in connection with the accident as is required by § 60-507(3) (Reissue 1978). Those reports indicated that property damage resulted to the second vehicle and that the other driver hit his head on the windshield upon impact. The reports also indicate that Way may be found negligent. The evidence presented to the district court did not disclose any further information regarding the extent of damage and injury which may have been suffered by the other driver.

The reports filed with the department indicated that there was a reasonable possibility that Way might be found liable for damages caused by the accident. The security deposit required to assure financial responsibility in the event of a finding of liability was not unreasonable in light of the indication of both property damage and personal injury.

The judgment of the district court is affirmed.

AFFIRMED.

CAPORALE, J., participating on briefs.