CARL E. WOLLENBURG, APPELLANT, V. JACK CONRAD, DIRECTOR
OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF
NEBRASKA, APPELLEE.
522 N.W.2d 408

Filed October 7, 1994.   No. S-93-076.

Fredrick L. Swartz for appellant.

Don Stenberg, Attorney General, and Paul N. Potadle for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

FAHRNBRUCH, J.

Carl E. Wollenburg appeals the suspension of his driver's

license for failure to show proof of financial responsibility after he drove his pickup truck into the side of a Burlington Northern (BN) railroad car at a rural road crossing in Gage County.

Wollenburg's license was suspended by the Nebraska Department of Motor Vehicles (DMV). Upon appeal by Wollenburg, that ruling was affirmed by the district court for Gage County. We affirm the decision of the district court.

## FACTS

On the evening of September 30, 1991, Wollenburg was operating his pickup with only one lighted headlight. At approximately 10:05 p.m., he drove his pickup into a BN railroad car at a crossing on a county road after several of the railroad cars had already passed. According to a state patrolman's report, the train was moving at approximately 10 miles per hour and at least two railroad cars were derailed as a result of the accident. Wollenburg claimed in his report that the train was stopped at the time of the accident.

On December 4, 1991, DMV mailed Wollenburg a state accident report form with a letter requesting that the form be "completed and returned to [DMV] immediately" in connection with Wollenburg's reportable accident. The letter advised Wollenburg that in the event that he was not covered by insurance, he was permitted either to file a witnessed or notarized release or agreement to cover all damages and injuries, or to deposit security in the amount of $10,000. Wollenburg was further informed that failure to comply with the Motor Vehicle Safety Responsibility Act by December 19, 1991, might result in the suspension of his Nebraska driving privileges.

On December 19, DMV notified Wollenburg by certified mail that upon reviewing reports and information in connection with the collision, DMV had determined there was a reasonable possibility of a judgment being rendered against Wollenburg. DMV also notified Wollenburg that his operator's license would be suspended effective January 7, 1992, unless he complied with the Motor Vehicle Safety Responsibility Act by either providing proof of liability insurance, posting a $10,000 security deposit, or filing a release or written agreement to

cover all claims of BN.

On January 3, 1992, DMV notified Wollenburg that suspension proceedings had been terminated because DMV's records indicated that Wollenburg had complied with the terms of the certified notice of suspension dated December 19, 1991.

On February 7, 1992, DMV was notified by Wollenburg's purported insurance carrier that his policy had lapsed in July 1991, which was prior to his collision with the BN train.

On February 27, by certified mail, DMV notified Wollenburg that because his insurance carrier denied coverage, his driver's license was to be suspended effective March 18, 1992. The letter of February 27 itself was addressed to Carl E. Wollenburg at RFD 1 - Box 184, DeWitt, NE 68341. Nowhere in the record is there a denial that that address was correct. Only one side of the return certified mail receipt card was introduced in evidence. That reflects that the certified mail notice sent to Wollenburg was receipted by "Marie A. Wollenburg" as "Agent." In the district court, Wollenburg testified that he had given his mother authority to sign for his mail and indicated that his mother had received it.

On March 19, 1992, Wollenburg filed a petition in the district court for Gage County challenging the suspension of his driver's license by DMV. Thereupon, pending a final court decision, the suspension was automatically stayed pursuant to Neb. Rev. Stat. § 60-503 (Reissue 1993). Following trial, the district court affirmed the suspension of Wollenburg's driver's license.

Wollenburg timely appealed to the Nebraska Court of Appeals. The case was removed to this court pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENTS OF ERROR

Summarized and restated, Wollenburg claims that the district court erred in (1) finding that DMV complied with the notice requirements of Neb. Rev. Stat. § 60-507 (Reissue 1993), (2) finding that DMV's determination of a reasonable possibility of a judgment being rendered against Wollenburg was supported by sufficient evidence and finding that due

process does not require a hearing at the departmental level so long as the licensee is afforded an opportunity to appeal such action and adduce evidence in support of his position, and (3) admitting into evidence exhibit 1, the transcript of DMV.

## STANDARD OF REVIEW

An appellate court's review of a district court's review of a decision of the director of DMV is de novo on the record. *Jacobson v. Higgins*, 243 Neb. 485, 500 N.W.2d 558 (1993); *Larson v. Jensen*, 228 Neb. 799, 424 N.W.2d 352 (1988).

## ANALYSIS

First, we turn to the issue of whether DMV complied with the notice requirement set forth in § 60-507(1). On February 27, 1992, DMV sent notice by certified mail to Wollenburg that his license was suspended effective March 18 for failure to establish financial responsibility.

Section 60-507(1) provides in part: "Notice of such suspension shall be sent by the Department of Motor Vehicles by certified mail to such operator not less than twenty days prior to the effective date of such suspension and shall state the amount required as security and the requirement of proof of financial responsibility." As stated, the return receipt bore the signature of "Marie A. Wollenburg" as "Agent."

It is Wollenburg's contention that DMV did not comply with the statutory requirement because the notice sent to him was not properly addressed and receipted. The purpose of addressing a letter is to assure that the letter is mailed to its intended receiver. Seeking a receipt for a letter is to prove that the letter was received by the intended receiver. In this case, there is absolutely no question that Wollenburg received the February 27 notice. It was sent by certified mail and receipted for by Wollenburg's mother, who had her son's permission to sign for the letter. The plain language of § 60-507(1) requires only that notice be sent by DMV by certified mail to such motor vehicle operator. It does not require that a return receipt be requested.

Moreover, notice may be waived in writing or may be implied from unequivocal conduct. *Versch v. Tichota*, 192 Neb. 251, 220 N.W.2d 8 (1974). In *Versch*, this court held that the

voluntary appearance by the city of Omaha when it was joined in the action and filed a petition was an unequivocal waiver of notice. Here, the record is clear that Wollenburg filed suit in the district court on March 19, the day after DMV's suspension of his license became effective. In doing so, Wollenburg waived any defect in service of the notice that DMV had suspended his driver's license by his unequivocal act of appealing that decision to the district court.

Wollenburg also challenges the Motor Vehicle Safety Responsibility Act as not complying with the Due Process Clauses of the Constitutions of the United States and the State of Nebraska. It is Wollenburg's contention that by not requiring a hearing at the departmental level at which the licensee may present evidence and cross-examine witnesses, the licensee's due process rights are not protected.

Wollenburg relies upon the safeguards set forth in this state's Administrative Procedure Act. This reliance is misplaced. Section 60-503(2) provides that "[t]he appeal procedures described in the Administrative Procedure Act shall not apply to this [appeal procedure] section."

Wollenburg also relies upon *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971), in which the U.S. Supreme Court held that Georgia's motor vehicle responsibility law failed to provide an uninsured motorist procedural due process. The Court held that before a state may deprive a motorist of his driver's license and vehicle registration, a state must provide "a forum for the determination of the question" and a meaningful hearing " 'appropriate to the nature of the case.' " 402 U.S. at 542.

Following the *Burson* opinion, the U.S. Supreme Court found, in *Jennings v. Mahoney*, 404 U.S. 25, 92 S. Ct. 180, 30 L. Ed. 2d 146 (1971), that the district court afforded the appellant procedural due process when it stayed the suspension order of the director of Utah's financial responsibility division pending completion of judicial review, and provided a hearing at which the appellant was afforded the opportunity to present evidence and cross-examine witnesses.

In this case, Wollenburg's due process rights were similarly protected. He was given adequate notice, the suspension of his

driver's license was stayed, and he was afforded an opportunity to present evidence and cross-examine witnesses at the hearing held in the district court for Gage County prior to the final suspension of his license. Under these circumstances, Wollenburg was afforded due process as required by *Burson* and *Jennings*. The due process requirements of Nebraska's Constitution are similar to those of the federal Constitution.

Finally, we turn to whether the trial court erred in admitting into evidence the DMV transcript. Our holding in *Hehn v. State*, 206 Neb. 34, 290 N.W.2d 813 (1980), is dispositive of this issue. In that case, we stated:

It is elementary that, if the District Court is to determine whether the director's action was correct and if the director is required by [§ 60-507(3)] to consider all such reports and information filed in connection with the accident, then the record made before the director must be available to the District Court. To hold otherwise would . . . in effect, be requiring the court to review a record without permitting that record to be admitted into evidence. . . . The fact is that the record made before the director is admissible as evidence in the District Court because [§ 60-507(3)] plainly suggests that it is admissible.

206 Neb. at 36, 290 N.W.2d at 814-15. See, also, *Wroblewski v. Pearson*, 210 Neb. 82, 85, 313 N.W.2d 231, 233 (1981) (citing *Hehn* and holding that " '[u]pon a petition for review of an order of suspension of an operator's license by the director of the Department of Motor Vehicles, the District Court is *required* to consider the record made before the director' "). Wollenburg's complaint concerning the district court's admitting the DMV transcript into evidence is without merit.

In addition to considering the transcript of the DMV's proceedings, the district court must give the appellant who is challenging the suspension of his driver's license an opportunity to adduce evidence. Moreover, the district court must consider any additional facts developed in the hearing before that court. See, *Hehn v. State, supra*; *Berg v. Pearson*, 199 Neb. 390, 259 N.W.2d 275 (1977). Wollenburg's appeal in the district court was conducted in accordance with these principles.

The issue before DMV is whether the evidence supports a

finding that there is a reasonable possibility of a judgment. *Wroblewski v. Pearson, supra.* The scope of review of cases of this nature is a review of DMV's determination that there exists a reasonable possibility of a judgment. *Id.*

It is uncontroverted in the evidence that at the time of the accident, Wollenburg was operating his pickup with only one lighted headlight and that he drove the pickup into a BN railroad car at a crossing on a county road after several railroad cars had already passed. The train was either moving slowly, at approximately 10 miles per hour, as indicated by a state patrolman's report, or stopped entirely, as reported by Wollenburg himself. The record does not reveal any obstructions which would have affected a driver's view at the time of the collision. Wollenburg was given an opportunity at the hearing in district court to rebut the facts set forth in the reports but presented no evidence contradicting them.

In *Crewdson v. Burlington Northern RR. Co.*, 234 Neb. 631, 452 N.W.2d 270 (1990), we held that a motorist approaching a railroad crossing has a duty to look and listen at a time and place when looking and listening will be effective to prevent an accident. Such motorist also has a duty to stop when a reasonably prudent person would have considered a stop necessary under the circumstances. *Id.*

Moreover, a driver ordinarily has a duty to drive an automobile on a public street at night in such a manner that he or she can stop in time to avoid a collision with an object within the area lighted by his or her vehicle's headlights, and the driver is negligent if he or she fails to do so. See *Mantz v. Continental Western Ins. Co.*, 228 Neb. 447, 422 N.W.2d 797 (1988).

It is not the function of the Director of Motor Vehicles to weigh the alleged negligence or comparative negligence of the parties involved but to determine, based on reports, whether a reasonable possibility of liability exists. The facts contained in the reports before the director support a finding of a reasonable possibility of a judgment being rendered against Wollenburg.

In the case at bar, the director considered the reports made in connection with the accident. Wollenburg was required to file an accident report form with DMV, and his report failed to set forth any figure for damages for which he might be liable.

Therefore, the only estimate before the director was that of the state patrolman. The patrolman's estimate of the property damage to the railroad was $10,000, the amount the director set for the required security. The evidence presented to the district court did not contradict the patrolman's estimate. Therefore, DMV and the district court could properly conclude that there was a reasonable possibility of a $10,000 judgment against Wollenburg.

## CONCLUSION

None of Wollenburg's assignments of error has merit. The suspension of Wollenburg's driver's license must be affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.