524 N.W.2d 562 (1994)
247 Neb. 49
Kathleen CLAYTON, Appellant,
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES and Jack Conrad, Director of the Department of Motor Vehicles, Appellees.
No. S-93-557.
Supreme Court of Nebraska.
December 9, 1994.
*564 Catherine Mahern, of Creighton Legal Clinic, Omaha, for appellant.
Don Stenberg, Atty. Gen., and Paul N. Potadle, Lincoln, for appellee.
HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.
LANPHIER, Justice.
Pursuant to the Motor Vehicle Safety Responsibility Act (Act), the appellant, Kathleen Clayton, lost her driving privileges after she was ticketed for causing a chain collision after the brakes failed on her car. The Act, Neb.Rev.Stat. § 60-501 et seq. (Reissue 1988 & Cum.Supp.1992), seeks to protect the public against the operation of motor vehicles by financially irresponsible persons. Montgomery v. Blazek, 161 Neb. 349, 73 N.W.2d 402 (1955). Clayton was uninsured and unable to provide a security deposit which would serve as a fund to compensate the other drivers' losses. Clayton asserts the Act is unconstitutional on its face and as applied to her case and assigns several other errors. We find no constitutional infirmities and affirm the order of the district court for Douglas County which upheld the Department of Motor Vehicles' suspension of Clayton's license.

BACKGROUND
On November 20, 1992, Clayton caused a chain collision when the brakes on her car failed. Two people suffered minor personal injuries, and seven cars, including Clayton's car, were damaged. Clayton had recently separated from her husband, was driving his car, and believed that she was insured.
Clayton was ticketed at the site of the accident for following too closely and for not having proof of insurance. After the accident, Clayton promptly purchased insurance.
On January 26, 1993, the Nebraska Department of Motor Vehicles (DMV) determined that there was a reasonable possibility of a judgment against Clayton. This conclusion was based on a review of accident reports completed by the onscene investigator. However, Clayton had not submitted a state accident report form as required by § 60-505, part of the Act. Therefore, on January 27, the DMV sent Clayton a state accident report form and requested that she complete it and return it immediately. Clayton was informed that failure to comply with the Act by February 11 would result in the suspension of her driving privileges.
On February 11, the DMV sent Clayton notice that due to her failure to comply with the Act, her driving privileges would be suspended effective March 3. Several methods were available to Clayton to come into compliance with the Act and prevent suspension. These alternatives included providing the DMV with proof of liability insurance in effect at the time of the accident; depositing security sufficient to satisfy the possible damages, $66,301; or providing proof that she had been released from any liability associated with the accident.
Clayton filed a petition in the district court for Douglas County on March 2, seeking review of the DMV's suspension order. In her petition, Clayton claimed that the security deposit was excessive, the notice inadequate, and her due process violated. The filing of the appeal stayed the suspension of her license pending review by the district court. See § 60-503.
Clayton received a hearing on June 11. At the hearing, Clayton asserted that the DMV's suspension of her license violated her due process rights. Clayton also asserted that the burden of going forward was on the DMV and that the DMV's records were inadmissible hearsay. Additionally, Clayton asked the district court to consider her personal *565 circumstances and exercise its equity power to overrule the DMV's suspension of her license.
The district court held that the DMV's suspension of Clayton's license was proper given that there was a reasonable possibility of a judgment being rendered against her. Clayton timely filed a notice of appeal to the Nebraska Court of Appeals and subsequently gave notice that she was challenging the constitutionality of the Act. By order of this court, the case was moved to the Supreme Court docket.

ASSIGNMENTS OF ERROR
In summary, Clayton asserts that the district court erred by (1) failing to conclude that the Act was unconstitutional on its face and as applied; (2) placing the burden of proof on Clayton rather than on the DMV; (3) concluding that a reasonable possibility of judgment against Clayton existed without first addressing whether the possible amount was reasonable; (4) failing to consider equitable relief; and (5) admitting the DMV's records, exhibit 1, into evidence.

STANDARD OF REVIEW
An appellate court's review of a district court's review of a decision of the director of the DMV is de novo on the record. Wollenburg v. Conrad, 246 Neb. 666, 522 N.W.2d 408 (1994); Jacobson v. Higgins, 243 Neb. 485, 500 N.W.2d 558 (1993); Larson v. Jensen, 228 Neb. 799, 424 N.W.2d 352 (1988).

NO DUE PROCESS VIOLATION
Section 60-507(1) provides that the Director of Motor Vehicles shall suspend the license of a driver involved in an automobile accident which results in property damage in excess of $500, unless the operator provides proof of financial responsibility. Section 60-507(2), further, provides that the suspension shall be ordered unless, in the judgment of the DMV, there is no reasonable possibility of a judgment being rendered against the driver.
Clayton asserts that the Act fails to comply with the Due Process Clauses of the Constitutions of the United States and the State of Nebraska. In so doing, Clayton relies on Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), and Jennings v. Mahoney, 404 U.S. 25, 92 S.Ct. 180, 30 L.Ed.2d 146 (1971). In Wollenburg, supra, we addressed a virtually identical argument and held that the Act complies with the notice and hearing requirements of the federal and state Constitutions. Accordingly, Clayton's argument that the Act is unconstitutional on its face is without merit.
Further, the application of the Act to Clayton violated none of her constitutional rights. Clayton received notice on February 11, 1993, that she had failed to comply with the Act and that her license would be suspended effective March 3 unless she took corrective action. The suspension was stayed upon the filing of Clayton's petition in district court. A hearing was held on June 11, and Clayton was afforded an opportunity to present evidence and cross-examine witnesses prior to the final suspension of her license. Pursuant to Wollenburg, such notice and hearing adequately protected Clayton's due process rights.

BURDEN OF PROOF
Clayton argues that the district court erred when it placed the burden of proof upon her. Clayton states she was forced to prove that she was not liable, rather than the State establishing that she was.
Statutorily, the DMV was required to suspend Clayton's license if it determined that there was a reasonable possibility of a judgment against her. See § 60-507(2). However, § 60-507 does not apply if the operator or owner is able to respond in damages or had an automobile liability policy in effect at the time of the accident. § 60-508. Therefore, to meet her burden of proof and to prevent the suspension of her driving privileges, Clayton had to establish that there was no reasonable possibility of a judgment being rendered against her or to provide proof of financial responsibility as required by § 60-508.
At her hearing in the district court, Clayton was required to present her case first. Clayton argues that by being forced to present *566 her evidence first, she was prejudiced because she was precluded from establishing that the DMV's suspension order was unreasonable, because the transcript supporting its order was not in evidence. The DMV's transcript, referred to by the parties as "Exhibit 1," contained copies of the accident records, the DMV's notices to Clayton, and an Accident Analyst Report. It is true that exhibit 1 was not entered into evidence until after Clayton had presented her evidence. But this does not mean it was unavailable until then. Clayton could have obtained the DMV's records during discovery and, therefore, was not precluded from attacking their validity until exhibit 1 was offered into evidence.
The burden of proof is upon the licensee rather than the State. Wroblewski v. Pearson, 210 Neb. 82, 313 N.W.2d 231 (1981); Hehn v. State, 206 Neb. 34, 290 N.W.2d 813 (1980). A licensee appealing from a DMV suspension order has the burden of proving the invalidity of the order. Wroblewski, supra; Hehn, supra.

AMOUNT OF SECURITY DEPOSIT
Clayton asserts that the district court erred in concluding that a reasonable possibility of a judgment against Clayton existed without first having addressed whether the DMV's estimation of the amount of the judgment was reasonable. The DMV is required to review accident reports when the accident resulted in bodily injury, death, or property damage to an apparent extent in excess of $500. See § 60-507(1). Based on its review of the accident reports, the DMV estimated that Clayton caused approximately $66,301 in property damage. Clayton argues that the accident reports and the DMV's notices provide no support for the conclusion that a security deposit in the amount of $66,301 was reasonable and that without determining whether this amount was reasonable, the district court erred by concluding that there was a reasonable possibility of a judgment against her.
The only issue before the DMV was whether the evidence supported a finding that there was a reasonable possibility of a judgment in excess of $500 against Clayton. See, Wollenburg v. Conrad, 246 Neb. 666, 522 N.W.2d 408 (1994); Wroblewski, supra; Berg v. Pearson, 199 Neb. 390, 259 N.W.2d 275 (1977). The DMV is not required to weigh the alleged negligence or contributory negligence of the parties involved. Wollenburg, supra; Wroblewski, supra. The DMV's order is based only upon the facts contained in the accident reports. A district court should not set aside a DMV suspension order unless there is no reasonable possibility of a judgment in excess of $500 being rendered. See, Wollenburg, supra; Wroblewski, supra. At her hearing, Clayton conceded that damages were likely to amount to $15,000 to $20,000. This concession proved that there was a reasonable possibility of a judgment against Clayton in excess of $500.
Although Clayton conceded that the damages were likely to amount to $15,000 to $20,000, she offered no evidence in support of her estimate. As stated above, the burden of proof is on the licensee in an appeal from a DMV suspension order. By failing to produce any evidence in support of her damage estimates, Clayton failed to meet her burden of proof.

EQUITABLE RELIEF
At the time of the accident, Clayton was a young mother, a student, a full-time employee, and recently separated from her spouse. Clayton's need for a license was considerable. She testified that she was driving her husband's car, and at the time of the accident, she believed that he had insured the vehicle. Clayton promptly obtained insurance after the accident.
Clayton asserts that the district court erred when it failed to consider equitable relief, given the hardships the suspension order would impose upon her. Section 60-503 provides that a hearing before a district court to review the validity of the DMV's suspension order shall be summarily heard as a case in equity without a jury. Clayton asserts that because the district court was sitting in equity, it had substantial discretion to fashion equitable remedies to carry out justice.
*567 However, equitable remedies are generally not available where a statute provides an adequate remedy at law. Southwest Trinity Constr. v. St. Paul Fire & Marine, 243 Neb. 55, 497 N.W.2d 366 (1993); Koperski v. Husker Dodge, Inc., 208 Neb. 29, 302 N.W.2d 655 (1981). "`"An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."'" Ganser v. County of Lancaster, 215 Neb. 313, 317, 338 N.W.2d 609, 611 (1983), quoting Golden v. Bartholomew, 140 Neb. 65, 299 N.W. 356 (1941).
Section 60-507 provides a statutory remedy to an uninsured driver faced with the loss of her driving privileges. The suspension order may be avoided by posting an adequate security deposit. The fact that the district court was sitting in equity did not grant it the discretion to fashion remedies outside the scope of the Act.

ADMISSIBILITY OF DMV RECORDS
At her hearing in district court, Clayton objected to the admissibility of the DMV's records as hearsay. Clayton's objection was overruled.
Clayton acknowledges that Hehn v. State, 206 Neb. 34, 290 N.W.2d 813 (1980), is controlling. In Hehn, we approved the admissibility of the DMV's records in a district court hearing. We affirmed that holding in Wollenburg v. Conrad, 246 Neb. 666, 522 N.W.2d 408 (1994). These cases state that § 60-507(3) plainly suggests that the DMV's records are admissible in district court. If the district court is to determine whether the director's action was correct and if the director is required by § 60-507(3) to consider all accident reports filed in connection with the accident, then the DMV's records must be made available to the district court. Wollenburg, supra; Hehn, supra. Accordingly, the district court properly admitted exhibit 1, the DMV's records, over Clayton's hearsay objection.

CONCLUSION
Clayton's due process rights were adequately protected under the Act. The burden of proof was on Clayton to establish that the DMV's suspension order was unreasonable. Based on its review of the DMV's records and the evidence presented at the hearing, the district court properly affirmed the DMV's suspension order. The suspension of Clayton's license is affirmed.
AFFIRMED.