**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10128 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-01096-GMS-1 |
| v. | |
| HECTOR JIMENEZ-PENALOZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 2, 2020**
Phoenix, Arizona

Before:  CLIFTON, OWENS, and BENNETT, Circuit Judges.

Hector Jimenez-Penaloza appeals from his jury conviction for transportation

of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(ii).  We have

jurisdiction under 28 U.S.C. § 1291.  As the parties are familiar with the facts, we

do not recount them here.  We affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

1.      Jimenez-Penaloza argues that the district court erred by using Ninth Circuit Model Criminal Jury Instruction 9.2 and by denying his Federal Rule of Criminal Procedure 29 motion because the material witnesses found in the van he was driving were not "unlawfully" in the United States.[1]  He reasons that "[a]s a general rule, it is not a crime for a removable alien to remain present in the United States." *Arizona v. United States*, 567 U.S. 387, 407 (2012).  However, the law and the evidence support that the material witnesses, who Jimenez-Penaloza concedes had recently illegally entered the United States and were inadmissible under immigration law, were not "lawfully" in the United States.  *Cf. Melendres v. Arpaio*, 695 F.3d 990, 1000-01 (9th Cir. 2012) (discussing that an individual may be "unlawfully" present in the United States under civil immigration law without having committed a crime).  Therefore, the district court did not err by giving Model Criminal Jury Instruction 9.2 or by denying Jimenez-Penaloza's Rule 29 motion.

2.      Jimenez-Penaloza also argues that, after the case was submitted to the jury and the jury asked for a translation of an exhibit containing text messages from Jimenez-Penaloza's cell phone, the district court should have reopened the

---

[1] The government has waived its contention that Jimenez-Penaloza waived this argument by stipulating that both material witnesses were "unlawfully in the United States" because the government failed to assert waiver in the district court. *See United States v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013) (holding that the government waived waiver by failing to assert it in the district court).

record for the court interpreter to translate the exhibit. Contrary to his contention, the district court did not violate Jimenez-Penaloza's due process rights in refusing to reopen the record because he had the opportunity to cross-examine the agent who orally translated the text messages, and he could have sought to introduce a written translation prior to the close of evidence. *See Jennings v. Mahoney*, 404 U.S. 25, 26-27 (1971) (per curiam) (holding that there was no due process violation where the "appellant was afforded the opportunity to present evidence and cross-examine witnesses"). Likewise, the Court Interpreters Act did not require that the court interpreter provide a translation of the exhibit for the jury. *See* 28 U.S.C. § 1827(d)(1) (requiring that a judge use an interpreter in the courtroom if the judge determines that a party "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer"). Thus, the district court did not abuse its discretion by declining to reopen the record. *See United States v. Huber*, 772 F.2d 585, 592 (9th Cir. 1985) (setting forth standard of review).

**AFFIRMED**.