United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-10451

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GARCIA-HERNANDEZ,

Defendant-Appellant.

Appeal from United States District Court
for the Northern District of Texas
USDC No. 4:03-cr-00016-ALL

Before HIGGINBOTHAM, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Garcia-Hernandez ("Garcia") appeals from the district court's judgment sentencing him to six months in prison upon revocation of his probation. Garcia contends that the district court's imposition of the prison sentence was constitutionally infirm because he did not validly waive his Sixth Amendment right to counsel before pleading guilty, without the assistance of counsel, to the misdemeanor offense for which he originally was convicted and sentenced to probation. Because we find no constitutional infirmity and that, under the circumstances, Garcia knowingly and intelligently chose to represent himself, we affirm.

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2000, Jose Garcia-Hernandez ("Garcia") pled guilty to the misdemeanor offense of aiding and abetting the illegal entry of aliens into the United States, a violation of 8 U.S.C. § 1325(a) and 18 U.S.C. § 2, and was sentenced to 36 months of probation. At the plea hearing before a magistrate judge on that date, Garcia was not represented by counsel, and he appeared with approximately 20 other defendants. Near the outset of the hearing, the magistrate judge addressed the defendants en masse and told the defendants about their right to the assistance of counsel, as follows:

> [Y]ou each have the right to have an attorney to represent you at every stage of these proceedings, whether you're innocent or whether you're guilty of the offense alleged or offenses alleged, whether you have the financial ability or not with which to employ an attorney. And if you would not have the financial ability to do so and would demonstrate this to the Court and request that I assign an attorney, I would then assign an attorney to represent you free of charge to you. You don't have to have an attorney if you do not wish to. As with any right, you may waive this right to an attorney; but I want you each to clearly understand that you do have this right, that it is a valuable right. . . .(emphasis added).

When the magistrate judge asked all of the defendants whether they would like to proceed either with or without attorneys, Garcia answered, individually, "[w]ithout an attorney." The court later explained that, by pleading guilty, the defendants would waive "certain rights" including "the right to the assistance of counsel at every stage of the proceedings even free of charge to you." Garcia did not appeal this conviction and sentence of probation.

On April 7, 2003, the Government moved to revoke Garcia's probation on the ground that he had violated the terms thereof by using drugs, possessing alcohol in a motor vehicle, driving while

intoxicated, and assaulting his wife. With the assistance of appointed counsel, Garcia moved to dismiss the motion to revoke, arguing that he had not validly waived his right to an attorney at his plea hearing for the underlying misdemeanor conviction. He emphasized that the magistrate judge had failed to warn him of the "dangers and disadvantages" of proceeding pro se.

At the ensuing revocation hearing on April 30, 2003, the district court overruled Garcia's argument, determining both that there had been a valid waiver of counsel at the prior plea proceeding and that Garcia's contentions amounted to an unauthorized collateral attack on the underlying conviction or sentence. At the April 30, 2003, hearing and at a continued hearing on May 2, 2003, the court heard testimony regarding the probation violations alleged against Garcia. Garcia was represented by counsel in these proceedings.

On May 2, 2003, the district court entered a judgment revoking Garcia's probation and sentencing him to six months in prison. Garcia timely filed a notice of appeal.[1]

DISCUSSION

Garcia argues on appeal that when the district court revoked his probation, it had no authority to sentence him to prison because he did not validly waive his right to counsel during the guilty plea hearing for his underlying misdemeanor offense. Citing Alabama v. Shelton, 535 U.S. 654, 662 (2002), and United States v. Perez-Macias, 327 F.3d 384 (5th Cir. 2003), he asserts that a misdemeanor defendant sentenced to probation without counsel or a valid waiver of counsel cannot be imprisoned upon revocation of the probation.

As a preliminary matter, Garcia could have, but chose not to, file a direct appeal from his June 12, 2000, misdemeanor conviction and sentence of probation. Garcia maintains that his

---

[1] The district court and this court subsequently denied Garcia's motions for release pending bail.

conviction was valid, but that the imposition of the prison sentence was unlawful. The Government

counters that Garcia's present challenge to the validity of his waiver necessarily constitutes an attack

on the validity of his underlying misdemeanor conviction, which the Government contends cannot be

raised on direct appeal from a probation revocation, but must be collaterally attacked in a 28 U.S.C.

§ 2255 proceeding.[2] This Circuit has yet to reach this issue.[3] However, we decline to address this

question today because even assuming, arguendo, that a direct appeal is the proper avenue for

---

[2]

The Government relies on our decision in United States v. Francischine, in which we held that the validity of an underlying conviction "cannot be asserted as a defense in a probation revocation proceeding," but "may be collaterally attacked under 28 U.S.C. § 2255." 512 F.2d 827, 828 (5th Cir. 1975). In Francischine, the defendant argued at his probation hearing that his original conviction was invalid for reasons other than a denial of the Sixth Amendment right to counsel, which was not implicated in that case. See id. The Government concedes, however, that more recently, in United States v. Perez-Macias, we acknowledged in dicta that "[t]he actual imposition of a term of imprisonment upon probation revocation may pose a Sixth Amendment problem. That is, it may be the case that a misdemeanor defendant who was convicted without counsel may not be sentenced to prison upon revocation of his probation." 335 F.3d 421, 428 (5th Cir. 2003) (holding in part that "stand-alone probation does not trigger a Sixth Amendment right to counsel"). We further observed that the Solicitor General has adopted that position. Id. at 429 n.15.

We note that our holding in Franscischine appears to conflict with our dicta in Perez-Macias, 335 F.3d at 428, as well as the Supreme Court's decisions in Argersinger v. Hamlin, 404 U.S. 25, 37 (1972) (holding that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel at trial), Scott v. Illinois, 440 U.S. 367, 370-74 (1972) (holding that the Sixth Amendment right to counsel applies only when a defendant is sentenced to "actual imprisonment," and not merely where imprisonment is an authorized penalty), and Alabama v. Shelton, 535 U.S. 654, 657-58 (2002) (holding that a defendant who was sentenced to a suspended prison term and probation and who received monetary penalties was entitled to counsel under the Sixth Amendment).

This Circuit has not yet reached this issue. As in Perez-Macias, we reserve judgment on whether a misdemeanor defendant convicted without counsel or a valid waiver of counsel can be sentenced to prison upon revocation of his probation. We do so because, even assuming arguendo that, under such circumstances, the Sixth Amendment precludes a prison sentence, Garcia's claim would still fail because the record reveals that his waiver of counsel was valid.

Garcia's challenge, the record evidence shows that under the circumstances he validly waived his right to counsel, and therefore his claim fails on the merits. Thus, without answering that question, we assume that Garcia may proceed on direct appeal and we limit our review to consideration of whether Garcia validly waived his right to counsel.

The validity of the waiver

Garcia asserts that at the June 12, 2000, plea hearing for his misdemeanor offense, his waiver of his right to counsel was invalid because the presiding magistrate judge failed to admonish him about the "dangers and disadvantages of self-representation" and, in particular, failed to inquire about his "age, education, and experience." Garcia contends that without a valid waiver, the range of punishments constitutionally available at the original misdemeanor hearing did not include a prison sentence, and thus the district court had no authority to impose imprisonment when it revoked his probation. We review constitutional challenges de novo. See United States v. Joseph, 333 F.3d 587, 589 (5th Cir. 2003).

The Sixth Amendment guarantees an accused the right to counsel at all critical stages of the prosecution, and the right to a trial by jury. U.S. Const. amend. VI. A criminal defendant also "has a constitutional right to proceed without counsel, but only when he knowingly and intelligently elects to do so." Joseph, 333 F.3d at 589-90 (citing Faretta v. California, 422 U.S. 806, 833-35 (1975)). A misdemeanor defendant, however, has a Sixth Amendment right to counsel only where the defendant is "actually sentenced to imprisonment and not merely where imprisonment is an authorized penalty." Scott v. Illinois, 440 U.S. 367, 370-74 (1972). Thus, "[a]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or a felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, 407 U.S. 25, 37 (1972)(emphasis added). To determine whether a defendant effectively waived his right to counsel,

a court must consider the totality of the circumstances surrounding the waiver. The Supreme Court has explained that it has taken a "pragmatic approach to the waiver question," that asks "what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he can provide at that stage--to determine the scope the Sixth Amendment right to counsel, and the type of warnings and procedures that should be required before a waiver of that right will be recognized." Patterson v. Illinois, 487 U.S. 285, 298 (1988).

In United States v. Davis, we stated that:

> [w]hile there is no "sacrosanct litany for warning defendants against waiving" their rights, a defendant who wishes to do so should be made aware by the presiding judge of the "dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'"

269 F.3d 514, 518-19 (5th Cir.2001) (quoting Faretta v. California, 422 U.S. 806, 835 (1975)).

More recently, in United States v. Bethurum, ___F.3d___, 2003 WL 21978238 (5th Cir. Aug. 20, 2003), we held that the district court's failure "to specifically warn the defendant about the effect that a guilty plea would have on his ability to possess a firearm" did not render his waiver of counsel invalid. Id. at *5-*6. We found that a defendant can make a "knowing and voluntary" " waiver of his rights even if not informed of 'all the consequences that may flow from conviction or the imposition of sentence.'" Id. at *6 (quoting United States v. Edwards, 911 F.2d 1031, 1035 (5th Cir. 1990)). In Bethurum, we stated that "specifically warning the defendant about the advantages

of being represented by counsel [coupled with, in that case, a signed waiver form] adequately ensure[s] that a defendant's waiver of his rights is both knowing and intelligent." Id. at *5 (citing United States v. Davis, 269 F.3d 514, 518-19 (5th Cir. 2001)) (emphasis added). We also pointed out that "we have previously held that if a sentencing court informs a defendant of the requirements of rule 11 [of the Federal Rules of Criminal Procedure], he need be informed of no others. All other matters are collateral." Id. at *6 (quoting Edwards, 911 F.2d at 1035).[3]

We find, after a thorough review of the record, that Garcia knowingly and intelligently waived counsel at the time he pleaded guilty to the misdemeanor for which he was originally convicted and sentenced to probation. The district court already considered and rejected his argument that his waiver of counsel made at the original plea hearing was invalid. We agree. Prior to obtaining the waiver, the magistrate judge told Garcia that he had the right to an attorney or the appointment of an attorney, free of charge, if he could not afford one, and that the right to counsel is a "valuable right" which he also had the right to waive if he so chose. In addition, the court explained the maximum possible sentence that Garcia could receive for the "relatively minor" misdemeanor with which he was charged, expressly warning him that the available range of punishment could include a prison sentence of six months. The record also reveals that the magistrate judge gave these

---

[3] Rule 11(c)(2) of the 2000 Federal Rules of Criminal Procedure directed that,

> [b]efore accepting a plea of guilty . . ., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: . . . (2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant.

FED. R. CRIM. P. 11(c)(2)(2000). This requirement was recently recodified at Rule 11(b)(1)(D).

warnings to Garcia and all the other defendants as a group, and that Garcia, who had matriculated at the Sixth Grade level, spoke only Spanish and required the services of an interpreter. However, we note that at no time prior to or during this appeal has Garcia complained that he did not understand the warnings given, or the consequences of waiving counsel. Garcia was provided with an interpreter during the proceedings. The court asked the defendants to speak up if any of them did not understand; Garcia said nothing. When asked if he understood the court's warning regarding waiving counsel, Garcia responded that he did. Nor has Garcia ever complained that his waiver was coerced, or anything less than voluntarily given.

We conclude that, under the circumstances, Garcia knowingly and voluntarily waived his right to counsel at the time he pleaded guilty to the misdemeanor offenses. Therefore, we affirm the district court's judgment revoking Garcia's probation and sentencing him to prison.

CONCLUSION

For the foregoing reasons, we AFFIRM the district court's revocation of probation and prison sentence.