**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 31, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-41703
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CAMPOS-BELASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-564-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Campos-Belasquez pleaded guilty to illegal reentry after deportation and was sentenced to 24 months' imprisonment and three years' supervised release. He argues that the district court erred in considering his prior, uncounseled misdemeanor conviction in assessing his criminal history points. He contends that he had a right to counsel in his 1999 federal misdemeanor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case under Alabama v. Shelton, 122 S. Ct. 1764 (2002). He acknowledges that this court, in United States v. Perez-Macias, 335 F.3d 421, 427-28 (5th Cir. 2003), petition for cert. filed, (Sept. 22, 2003) (No. 03-6535), held that an individual convicted of a federal misdemeanor who receives a probationary sentence, not coupled with a suspended sentence, does not have a right to counsel. He concedes that this court's decision in Perez-Macias is binding and that he raises this issue to preserve it for further review. In addition, he argues that Perez misread Alabama v. Shelton in determining that a defendant sentenced to "freestanding" probation has no right to counsel. He contends that he had the right to counsel in his 1999 misdemeanor case because he was potentially subject to imprisonment if his probation was revoked and because he actually received a three-month sentence upon revocation of his probation. Campos-Belasquez argues that his case is distinguishable from Perez because Perez's probation was never actually revoked.

Campos-Belasquez also argues that his waiver of his right to counsel was invalid because Magistrate Judge Notzon's plea colloquy was perfunctory and did not satisfy the strict requirements for a knowing and voluntary waiver of the right to counsel.

Assuming arguendo that Campos-Belasquez had a Sixth Amendment right to counsel, we hold that he validly waived his right to counsel in his June 18, 1999, plea hearing for the same

reasons as those stated in our opinion in <u>United States v. Garcia-Hernandez</u>, No. 03-10451 (5th Cir. Sept. 9, 2003) (unpublished). Thus, the district court did not err in using his prior uncounseled misdemeanor conviction in assessing his criminal history points.

AFFIRMED.