523 P.2d 799

Henry BROWN and Nora Brown,
Petitioners,

v.

The SUPERIOR COURT, and Judge Greer,
a judge thereof, Respondent;

SUPERINTENDENT OF the MOTOR VE-
HICLE DIVISION, FINANCIAL RE-
SPONSIBILITY SECTION OF the DE-
PARTMENT OF MOTOR VEHICLE DI-
VISION, Real Parties in Interest.

No. 1 CA–CIV 2774.

Court of Appeals of Arizona,
Division 1,
Department B.

June 20, 1974.

David J. Dir, Window Rock, for peti-
tioners.

Gary K. Nelson, Atty. Gen., by Paul S.
Harter, Asst. Atty. Gen., Phoenix, for real
parties in interest.

## OPINION

HAIRE, Presiding Judge.

In this special action, petitioners raise
numerous issues concerning the constitu-
tional validity of the Arizona Motor Vehi-
cle Safety Responsibility Act, A.R.S. § 28–
1101 et seq., but in view of our disposition
of this matter it is necessary to consider
only one of them at this time. That issue
is whether petitioners were afforded a con-
stitutionally adequate hearing prior to the
effective date of the suspension of peti-
tioner Henry Brown's driver's license and

of petitioner Nora Brown's vehicle registration under the cited Act.

The essential procedural background of this case is as follows. A motor vehicle owned by Nora and driven by Henry was involved in an accident of a type requiring the deposit of security under A.R.S. § 28–1142A. Because the petitioners had no insurance, and no exception was applicable, the Superintendent of the Motor Vehicle Division, through his Financial Responsibility Service, notified petitioners of the proposed suspensions pursuant to A.R.S. § 28–1142A, and advised them of their right to request a hearing before the Financial Responsibility Service. Petitioners timely requested such a hearing, which was held by a hearing officer for the Service on February 20, 1974. As a result thereof, the hearing officer determined that there was a reasonable possibility of a judgment being obtained against the petitioners, and that a security deposit was required. Written notices of the suspension of Henry's driver's license and of Nora's vehicle registration were finally mailed to the petitioners on April 30, 1974, and petitioners thereafter filed a timely petition in the respondent Superior Court pursuant to A.R.S. § 28–1122B. At the same time they requested that court to grant a stay of the two suspension orders pending the completion of the court hearing on their review petition. The respondent trial court denied the requested stay on May 13, 1974, and petitioners then filed this special action.

■ Considering the nature of petitioners' constitutional contentions, the facts of this case as alleged in petitioners' papers filed in this special action (which have not been refuted by respondent real party in interest), the rights of petitioners which might be affected, and the normal appellate time period which would be involved, we believe that appeal is not an adequate remedy here and that a special action is appropriate to review the order of the respondent trial court. *Cf.* Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971); Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967).

Petitioners' contentions concerning the inadequacy of the hearing which was held before the Motor Vehicle Division are based on their allegations that they were denied the right to confront and cross-examine witnesses against them and denied the right of compulsory process for witnesses. They contend that such rights must be extended to persons in their situation whose driver's licenses or vehicle registrations may be subject to suspension, and that they must be afforded a hearing including such rights before any suspension may be made effective. Petitioners rely on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 2d 90 (1971), and Jennings v. Mahoney, 404 U.S. 25, 92 S.Ct. 180, 30 L.Ed.2d 146 (1971) for their position. For the purposes of this decision, it is sufficient to state that in our opinion the net result of the foregoing United States Supreme Court cases taken together is the establishment of the rule that, before a state may suspend a driver's license or vehicle registration which it has issued to a licensee who is later involved in an accident, it must afford him a hearing on the issue of the reasonable possibility of a judgment being rendered against him as a result of the accident, which hearing must be on reasonable notice and must include an opportunity for the licensee to confront and cross-examine witnesses against him. Petitioners here allege that they were not given such a hearing and that neither the Arizona statutes nor the Motor Vehicle Division procedure provides for such a hearing. Since the trial court denied the stay of the suspension orders, they say the foregoing constitutional requirement was violated because the suspensions became effective before they received an adequate hearing.

■ Petitioners' statement that no constitutionally adequate hearing is provided for under Arizona statutes prior to the effective date of a suspension is incorrect. Under A.R.S. §§ 41–1009 and 41–1010, which are applicable to hearings in contest-

ed cases before administrative agencies, including the Motor Vehicle Division, a fully adequate hearing meeting all constitutional due process requirements is prescribed. These sections require the giving of notice (§ 41–1009B), opportunity to present evidence (§ 41–1009C), preparation of a record, (§§ 41–1009E and 41–1009F), representation by counsel if desired, (§ 41–1010(1)), the right to present evidence and cross-examine witnesses (§ 41–1010(1)), and the issuance of subpoenas for the attendance of witnesses (§ 41–1010(4)). In our opinion, a hearing conducted pursuant to these statutes would meet all the requirements of the foregoing cited cases, and petitioners' counsel so conceded at the informal hearing herein. The Arizona Motor Vehicle Safety Responsibility Act, when read in conjunction with the hearing requirements of A.R.S. §§ 41–1009 and 41–1010, is therefore not *per se* unconstitutional.

■ However, these procedural requirements were allegedly not in any way followed in the hearing given to petitioners here. Based upon the record which has been furnished to this Court and the failure of the real party in interest to refute petitioners' allegations, it appears that petitioners may well have been denied the required due process hearing prior to the suspensions becoming effective. The record also indicates, however, that no factual determination as to the statutory adequacy of the hearing before the Financial Responsibility Service was ever made by the trial court before it denied the stay of the suspensions.

This matter is therefore remanded to the respondent Superior Court with directions:

(1) to hold a hearing within ten days after the filing date of this opinion to determine whether A.R.S. §§ 41–1009 and 41–1010 were in fact complied with in conducting petitioners' hearing before the Financial Responsibility Service;

(2) to enter an order forthwith staying the two suspension orders until the completion of the hearing specified in (1); and

(3) if said trial court finds that these statutory requirements were not met in petitioners' hearing, to continue the stay of the suspensions in effect until the conclusion of its review hearing under A.R.S. § 28–1122B and its decision thereon. These two required hearings may be combined, in the discretion of the trial court, assuming adequate notice is given to all parties.

The relief requested in the petition herein is granted to the extent stated. All other requested relief is denied.

EUBANK and DONOFRIO, JJ., concur.