NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MOHAVE COUNTY, *Plaintiff/Appellee*,

*v.*

BARRY MESSNER, *Defendant/Appellant*.

No. 1 CA-CV 25-0494

FILED 03-23-2026

Appeal from the Superior Court in Mohave County
No. S8015CV202301355
The Honorable Steven C. Moss, Judge

**REMANDED**

COUNSEL

Mohave County Attorney's Office, Kingman
By William Davis
*Counsel for Plaintiff/Appellee*

Barry Messner, Fort Mohave
*Defendant/Appellant Pro Se*

---

**MEMORANDUM DECISION**

---

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1 Defendant Barry Messner failed to clean up his properties after a notice to abate by Plaintiff Mohave County ("County"). The County pursued legal action against Messner, resulting in a judgment for the County's costs to clean up the properties. Messner moved to have the superior court declare the judgment void for lack of service under Arizona Rule of Civil Procedure ("Rule") 60(b)(4) and the superior court denied the motion. Messner now appeals that denial. He contends the County failed to properly serve him with its motion for costs for cleaning up his property. Because the record is not clear whether Messner received proper notice of the assessment motion, this Court remands to the superior court to determine whether the County properly served Messner before the court entered judgment.

## FACTS AND PROCEDURAL HISTORY

¶2 Messner owns three properties in Fort Mohave, an unincorporated town in Mohave County, and currently resides at one of the properties. Accumulated on Messner's properties were about 60-80 tires, multiple barrels of oil, multiple inoperable or abandoned recreational vehicles, a rusted-out refrigerated trailer, at least one broken trailer, inoperable heavy equipment, 15-20 tons of scrap metal, multiple broken-down motor vehicles and miscellaneous items of trash, rubbish and debris. But Mohave County Ordinance 2020-07 (the "Ordinance") requires property to be clear of rubbish, trash, weeds, filth, debris or dilapidated buildings and classifies such conditions as a public nuisance.

¶3 In 2023, the County served Messner, via certified mail, with notices to abate under the Ordinance. The notices listed the three properties Messner owns and the County provided separate notices for each property. *See* Mohave Cnty. Ord. 2020-07 § VI(8)(c). After Messner failed to clean up his properties, the County filed a preliminary injunction to allow it to enter and clean up Messner's properties.

¶4　　　　Following a two-day hearing, the superior court entered its final judgment and granted the County authority to enter Messner's properties for abatement of the public nuisance. Messner appealed the superior court's order to this Court in November 2023, and this Court affirmed. *See Mohave County v. Messner*, 1 CA-CV 23-0775, 2024 WL 3874176, at *1, ¶ 1 (Ariz. App. Aug. 20, 2024) (mem. decision).

¶5　　　　After this Court's mandate issued, the County filed a "Motion to Determine Costs and Expenses." The motion noted that the County abated Messner's three properties and listed the costs for each property: $3,044.94, $2,869.02 and $7,211.11. On January 16, 2025, the court awarded the County its costs in a final judgment. The court's judgment noted that the "incidental costs to the abatement shall be a judgment against [Messner] and shall be a lien against the property."

¶6　　　　Messner sought relief from the judgment under Rule 60(b)(4). He argued that (1) "the court lacked personal jurisdiction," claiming he was not notified of a hearing on the costs and (2) the County violated his due process by failing to serve, hear and provide an itemized cost following the abatement. Messner asserted he did not discover the court's judgment until two months after it was entered. In response, the County claimed that it properly served Messner under Rule 5 and argued Messner did not correctly serve his motion. The court denied Messner's motion and affirmed its January 16 order.

¶7　　　　Messner timely appealed, and this Court has jurisdiction. A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8　　　　Messner essentially argues that the court improperly denied his motion seeking relief from judgment under Rule 60(b)(4). An appeal concerning a Rule 60 denial limits this Court's review to only those questions "raised by the motion." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983). This Court reviews a denial of a Rule 60 motion *de novo*. *Laveen Meadows Homeowners Ass'n v. Mejia*, 249 Ariz. 81, 84, ¶ 10 (App. 2020). Likewise, issues addressing the "interpretation of statutes or ordinances are questions of law subject to this [C]ourt's *de novo* review." *City of Tempe v. Outdoor Sys., Inc.*, 201 Ariz. 106, 109, ¶ 7 (App. 2001).

¶9　　　　A Rule 60(b)(4) motion permits a court to grant relief from a final judgment if that "judgment is void." Ariz. R. Civ. P. 60(b)(4); *Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994). A judgment is void if the court lacked jurisdiction to render a judgment "over the subject matter, over the person,

or over the particular judgment or order entered." *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19 (App. 2004) (citation omitted); *see also Ruffino v. Ruffino*, 245 Ariz. 165, 168, ¶ 10 (App. 2018) ("Proper service is essential for the court to have jurisdiction over the defendant."). A party challenging a judgment as void for improper service bears the burden to prove service was improper. *See Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7 (App. 2010).

¶10        Messner argues the court erred in denying his Rule 60(b)(4) motion because the court entered judgment without a hearing and after the County failed to serve him, violating due process. Messner contends the County needed to serve its motion because the Ordinance requires service for a Notice of Assessment. *See* Mohave Cnty. Ord. 2020-07 § VI(8)(c). Messner also argues the County "failed to serve" the Notice of Assessment and "obtained a cost judgment without a hearing" after the court ordered the determination of costs for the abatement "shall be reserved for determination at future hearing, after notice and hearing."

¶11        Though the County asserts Messner has waived his claim regarding service, Messner did not. When Messner filed his Rule 60(b)(4) motion, he alleged that the court did not have personal jurisdiction because the County did not serve him its motion to grant costs, and he did not receive notice of a hearing. Messner asserted that A.R.S. § 11-815 required the County to conduct a hearing on costs. Therefore, Messner did not waive that argument. *See Dawson v. Withycombe*, 216 Ariz. 84, 109, 100, ¶¶ 38, 40 (App. 2007) (party preserved argument on appeal when the party reiterated the argument in its motion).

¶12        A.R.S. § 11-268 authorizes counties to establish ordinances that address public nuisances. Such nuisances include the accumulation of "rubbish, trash, weeds, filth, debris or dilapidated building" if they are a "hazard to public health and safety." A.R.S. § 11-268(A). Section 11-268(A)(2) does not provide specific requirements for service. *See* A.R.S. § 11-268. But the Ordinance does.

¶13        The Ordinance requires the County to provide a notice of assessment:

> Notice of Assessment. A Notice of Assessment shall be served in the same manner as the Notice to Abate. The Notice of Assessment may be appealed in the same manner as the Notice to Abate.

Mohave Cnty. Ord. 2020-07 § VI(8)(c). Because the Ordinance does not conflict with § 11-268 and instead further specifies what the County must do, the Ordinance's requirements control. *See City of Tempe*, 201 Ariz. at 109, ¶ 9 ("When an ordinance regulates an area that is also regulated by state statute, the ordinance may parallel the statute or even reach beyond the parameters of the statute so long as the ordinance does not conflict with the statute."). The County must comply with its Ordinance and serve a property owner a notice of assessment.

**¶14**      Here, the record does not show whether the County served Messner the Notice of Assessment required by the Ordinance. After Messner's appeal to this Court concerning the notice to abate, the County filed its motion to grant costs, which is equivalent to the Notice of Assessment. The County attached an itemized list of the costs per property and an affidavit from Mohave County's Development Services affirming the costs. The itemized list included a breakdown of the costs expended by the County for abatement of each property. The affidavit reiterated the costs reflected in the motion and the breakdown of costs, which the planning and zoning manager approved. The Ordinance requires all of this information in a notice of assessment. *See* Mohave Cnty. Ord. 2020-07 § VI(8). Thus, this Court will treat the County's motion for costs as the notice of assessment.

**¶15**      But the record does not show when or how the County served Messner with the motion for costs. A notice of assessment must be served in the same manner as a notice to abate, which requires either personal service or certified mail. Mohave Cnty. Ord. 2020-07 § VI(4), (8)(c). Instead, the mailing certification on the motion in the record is blank. Similarly, the record does not contain any proof of service to support that the County served Messner with its motion. Therefore, this Court cannot discern whether Messner was properly served, which must be answered before reaching the question of whether the judgment is void. For this reason, this Court remands this case for findings on whether the County properly served Messner before the court entered judgment.

**¶16**      The County asserts that Rule 5 creates a presumption that service following initial service of process is complete upon mailing. (Citing Ariz. R. Civ. P. 5(c)(2)(C).) It argues the court had jurisdiction since the County mailed its notice to abate.

**¶17**      Under Rule 5(c)(2)(C), a document served via U.S. mail to "the person's last-known address" effectuates service "upon mailing." Ariz. R. Civ. P. 5(c)(2)(C). But Rule 5(c)(2)(C) outlines service generally. Other provisions under Rule 5(c) instruct parties on service following a judgment.

In those instances, service is required when a party files a motion after "a judgment has become final after appeal." Ariz. R. Civ. P. 5(c)(4). The serving party must serve the motion "in the same manner that a summons and pleading are served." Ariz. R. Civ. P. 5(c)(4). Similarly, the Ordinance provides rules for service, but the County does not address how it complied with its requirements. And a court rule does not supersede a statute or ordinance. *See Do v. Ariz. Bd. of Regents*, 256 Ariz. 370, 375, ¶ 21 (App. 2023) (an unambiguous statute governs service despite plaintiff having authority to adopt rules permitting service another way). But whatever process applied, it entitled Messner to notice before the court entered judgment, and the record does not provide a clear picture of whether the County properly served Messner in light of the Ordinance.

**¶18** The County also argues that because service is not dependent upon receipt, Messner failed to prove "that the County did not *mail* the motion as the pleading is considered serviced upon mailing." But the County's argument does not overcome the fact that the record is devoid of anything to suggest how Messner was served. *See supra*, ¶ 13.

**¶19** Messner also argues that the court erred in failing to hold a hearing for the County's motion. (Citing *Webb v. Erickson*, 134 Ariz. 182, 186 (1982).) Messner seems to conflate the right to a hearing on the motion with the right to an evidentiary hearing on a notice of abatement under the Ordinance. No such requirement exists for a notice of assessment. This Court understands Messner's confusion, though, because the superior court's October 30, 2023 order stated that the assessment would "be determined at a future hearing." That did not occur. Although this Court is not aware of any requirement for the court to hold an evidentiary hearing before granting the assessment, Messner should have received notice and an opportunity to object before the court entered judgment. On remand, the court should address this issue and make appropriate findings.

**¶20** On remand, the superior court shall determine whether the County properly served Messner with its motion for costs. *See Brown v. Superior Court*, 22 Ariz. App. 72, 74 (1974) (remanding the case when the record lacked a factual determination as required by statute). If the County failed to properly serve the motion, the court must vacate its order and ensure that Messner is provided due process before entering judgment.

**¶21** Neither Messner nor the County requested attorneys' fees or costs on appeal. But as the prevailing party on appeal, this Court awards Messner his costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 12-341; Ariz. R. Civ. App. P. 21.

**CONCLUSION**

**¶22**        This Court remands for proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:       JR